This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**IN THE MATTER OF THE**
**KINSHIP GUARDIANSHIP OF**
**ALLISON SCOTT G., a Child.**

**KELLY LEHMAN,**

     Respondent-Appellant,

v.                                             **NO. 30,325**

**VIRGINIA LEHMAN,**

     Petitioner-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

Gregory Gahan
Albuquerque, NM

for Appellant

Norman McDonald
Belen, NM

for Appellee

Lori Bauer Apodaca
Los Lunas, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Respondent appeals the appointment of Petitioner as guardian for Child. We issued a calendar notice proposing to affirm and we have received a memorandum in opposition and a motion to amend the docketing statement from Respondent. We have carefully considered Respondent's arguments, but we are not persuaded by them. We therefore affirm.

Respondent seeks to amend her docketing statement to include claims that the district court used the wrong standard when making its decision, the district court erroneously relied on "psychological parenting" when making its decision, and the district court relied on incompetent evidence from the GAL. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). We will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App.

1989), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

With respect to the issues that Respondent seeks to add to her docketing statement, she has failed to comply with a number of requirements discussed in *Rael*. For example, Respondent does not explain how the issues were preserved below or why the issues were not included in the docketing statement, and Respondent provides no information regarding her claim that the evidence from the GAL was incompetent. In addition, the issues sought to be raised by Respondent are not viable. As discussed in our calendar notice, the evidence presented to the district court was sufficient to show that denial of the petition would lead to a substantial likelihood of serious detriment to Child, which was the applicable standard in this case. For these reasons, we deny Respondent's motion to amend her docketing statement.

Respondent suggests that expert testimony was required in this case "to the extent Appellee and the trial court relied on psychological harm and the probability of psychological harm" in making its decision. However, there is nothing in the district court decision to indicate that the district court relied on, or even considered, psychological harm in making the decision to appoint Petitioner as guardian for Child. Therefore, expert testimony was not required in this case.

For the reasons discussed in this opinion and in our calendar notice, we affirm

the decision of the district court.

**IT IS SO ORDERED.**

                           _____

                           **RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**