This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DIWAYNE GARDNER,**

Plaintiff-Appellant,

v.                                                   **No. A-1-CA-36508**

**KIRK HART,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Diwayne Gardner
Albuquerque, NM

Pro Se Appellant

deGraauw Law Firm, PC
John Andrew deGraauw
Daniel Thomas Cornish
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}    Plaintiff Diwayne Gardner appeals from the district court's order granting Defendant Kirk Hart's motion to set aside the default judgment and for dismissal of the complaint with prejudice due to negligent prosecution. This Court's calendar notice proposed to affirm. Defendant filed a memorandum in support of this Court's proposed disposition, and Plaintiff filed a memorandum in opposition thereto. Not persuaded by Plaintiff's arguments, we now affirm.

{2}    This Court's calendar notice proposed to conclude that the district court did not err in setting aside the default judgment on the basis that it was entered without notice to Defendant as required by Rule 1-055(B) NMRA. [CN 3-4] We further proposed to conclude that the district court did not err in dismissing Plaintiff's complaint with prejudice for failure to prosecute. [CN 4-6] Plaintiff's memorandum in opposition does not point to any error in law or fact with this Court's proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Plaintiff, instead, raises for the first time on appeal, the issue that constructive notice to the parties was completed and perfected based on the principle of identity of interests, and the district court therefore had personal jurisdiction over the parties. [MIO 5, 6] Plaintiff admits that the identity of issues principle was not argued before

the district court, but asserts that the facts supporting application of the principle are part of the record. [MIO 5] Additionally, Plaintiff asserts that he did not know of, or understand, the identity of issues principle at the time the case was being argued in district court or when the notice of appeal was filed. [MIO 6]

{3}     "In cases assigned to a summary calendar, a motion to amend the docketing statement . . . will be granted only if: 1. It is timely; 2. It states all facts material to a consideration of the new issues attempted to be raised; 3. It states those issues and how they were preserved or shows why they did not have to be preserved; 4. It states the reason why the issues were not originally raised and shows just cause or excuse for not originally raising them; and 5. It complies in other respects with the appellate rules insofar as necessary under the circumstances of the case." *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. Plaintiff acknowledges that the issue was not raised or preserved in the district court, but does not show why it did not have to be preserved. *See id*. Moreover, while Plaintiff states the reason why the issue was not previously raised, lack of knowledge of the issue does not qualify as just cause or an excuse for not raising it originally. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (("[A] pro se litigant is not entitled to special privileges because of his pro se status"); *see also Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 ("[A] pro se litigant, having chosen to represent himself, is

held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar.").

{4}    For all of these reasons, and those stated in the calendar notice, we affirm the district court.

{5}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**J. MILES HANISEE, Judge**