This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                    NO. A-1-CA-36965

**WALTER BEGAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Aja Oishi, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant Walter Begay appeals from his jury conviction for one count of driving while under the influence of intoxicating liquor or drugs (DWI) (0.08 or

above) (9th offense), a second degree felony. *See* NMSA 1978, § 66-8-102(C)(1), (K) (2016). [RP 103-07] We proposed to affirm in a notice of proposed summary disposition. Defendant filed a motion to amend the docketing statement and memorandum in opposition (collectively, MIO) to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we deny Defendant's motion to amend his docketing statement and affirm Defendant's conviction.

{2}     In his docketing statement, Defendant challenged the sufficiency of the evidence to support his conviction. [DS 3-4] In our notice of proposed disposition, we set forth the relevant jury instructions and our understanding of the trial evidence. [CN 3-4] Based on the information before this Court, we proposed to conclude that there was sufficient evidence to support Defendant's DWI conviction. [CN 4] Notably, Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, he raises *new* sufficiency challenges and he moves to amend his docketing statement with additional issues. We will construe the new sufficiency challenges as part of the motion to amend

because these issues were not previously raised or addressed in our notice of proposed disposition.

**MOTION TO AMEND**

**{3}** Defendant seeks to amend his docketing statement to add several new issues. [*See generally* MIO] This Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730; *see also Moore*, 1989-NMCA-073, ¶ 42 ("By viable, we meant to describe an argument that was colorable, or arguable, and to distinguish arguments that are devoid of any merit.").

**Sufficiency of the Evidence**

{4} Defendant seeks to raise two new sufficiency challenges. First, he asserts that there was insufficient evidence to convict him of DWI "because there were no CAD reports and therefore no evidence of reasonable suspicion to initiate the traffic stop on private property." [MIO 6] Defendant contends that "the State presented no evidence that the traffic stop was based on reasonable suspicion because the alleged informant was anonymous." [MIO 7] Related to this contention, Defendant seeks to argue that he "was deprived his Sixth Amendment right to confront and cross examine the witnesses against him because the State failed to call the anonymous informant and the dispatcher as witnesses at trial." [MIO 7] Also related to this sufficiency challenge, Defendant states that "the doctrine of invited error does not apply here because although trial counsel objected on hearsay grounds to any mention of what an informant may have said, . . . [Defendant] still cannot be convicted of a crime when the initial arrest was illegal." [MIO 7] With respect to Defendant's second new sufficiency challenge, he seeks to argue that, even though he did not object to the eight prior DWI convictions at the sentencing hearing, and his trial counsel agreed to the admission of all eight prior convictions, the State failed to meet its burden of proving that Defendant had eight prior convictions. [MIO 8-10]

4

**{5}** Defendant has not provided this Court with sufficient facts or a legal basis to support these alleged errors. Therefore, we deny the motion to amend to raise this issues as non-viable.

**Improper Jury Instructions**

**{6}** Defendant seeks to raise a challenge to the jury instructions. [MIO 10] He asserts that the jury instructions were erroneous because "[t]he jury was not instructed on every element of DWI, including that the stop must have been based on reasonable suspicion." [MIO 12] He further claims that "the jury should have been asked to find that [Defendant] was the same person convicted of the prior DWIs." [MIO 10]

**{7}** Defendant does not direct this Court to the written instructions that were tendered for the district court's consideration. *See* Rule 5-608(D) NMRA (stating that to preserve an error for "failure to instruct on any issue, a correct written instruction must be tendered before the jury is instructed"); *State v. Jernigan*, 2006-NMSC-003, ¶ 10, 139 N.M. 1, 127 P.3d 537 ("Generally, to preserve error on a trial court's refusal to give a tendered instruction, the [a]ppellant must tender a legally correct statement of the law."); *State v. Lara*, 1990-NMCA-075, ¶¶ 28-30, 110 N.M. 507, 797 P.2d 296 (stating that in order to premise error on a refused instruction, the defendant must have tendered a legally correct statement of the law). Therefore, we conclude that these issues were not preserved. Moreover, we are not convinced that the alleged

deficiencies in the jury instructions amount to fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (providing that if a jury instruction issue has not been preserved, this Court reviews for fundamental error); *see also State v. Sandoval*, 2011-NMSC-022, ¶ 13, 150 N.M. 224, 258 P.3d 1016 (providing that when this Court reviews jury instructions for fundamental error, we will only reverse the jury verdict if doing so is "necessary to prevent a miscarriage of justice" (internal quotation marks and citation omitted)).

**{8}** We therefore deny Defendant's motion to amend, to include a challenge to the jury instructions, as non-viable.

**Biased Jury**

**{9}** Defendant seeks to argue that "the jury was biased because many members of the venire panel expressed disdain for DWI defendants, stated that they presumed guilt in all such cases, and discussed personal stories of having lost family members to DWI." [MIO 10] He also claims that "he was prejudiced because some of the venire members who expressed personal stories of victimization related to DWI were allowed onto the petit jury, while those who had criminal histories or histories of DWI were disqualified." [MIO 10-11] According to Defendant, "trial counsel did not strike the jurors with negative personal experiences of DWI." [MIO 11]

{10} Defendant has failed to provide this Court with sufficient facts to address this issue. It is unclear what statements were made during the jury selection, whether there were objections made to the statements, and if objections were made, what the rulings were following the objections. Without sufficient information before this Court, we cannot conclude that this issue is viable. Accordingly, we deny Defendant's motion to amend his docketing statement on this issue as well.

**Prosecutorial Misconduct**

{11} Defendant seeks to argue that "the prosecutor committed misconduct by refusing to provide discovery and exculpatory material to which he was entitled . . . including CAD reports and proof of prior convictions." [MIO 11] He further alleges that "the prosecutor's opening statement erroneously alleged that [Defendant] was seen driving prior to Officer Lillywhite's arrival." [MIO 11] He claims that "this is evidence of vindictive and selective prosecution." [MIO 11]

{12} "When an issue of prosecutorial misconduct is preserved by a timely objection at trial, we review the district court's ruling for abuse of discretion." *State v. Paiz*, 2006-NMCA-144, ¶ 53, 140 N.M. 815, 149 P.3d 579. However, "[i]f no objection was raised, our review is limited to fundamental error." *Id.* "Prosecutorial misconduct rises to the level of fundamental error when it is so egregious and had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial."

*State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 (internal quotation marks and citations omitted).

**{13}** Defendant has not demonstrated that he preserved his prosecutorial misconduct argument, and based on the information before this Court, we are not convinced that the alleged prosecutorial misconduct rose to the level of fundamental error. Accordingly, we deny Defendant's motion to amend to include a prosecutorial misconduct argument.

**Ineffective Assistance of Counsel**

**{14}** By his motion to amend, Defendant seeks to advance a claim of ineffective assistance of counsel. [MIO 11-12] For the reasons that follow, we conclude that this issue is not viable and therefore deny the motion as to this claim, too.

**{15}** In order to establish any entitlement to relief based on ineffective assistance of counsel, Defendant must make a prima facie showing by demonstrating that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

{16} Defendant asserts that his attorney was deficient by failing to file pretrial motions, by failing to strike the jurors with negative personal experiences of DWI, and by failing to file a motion for new trial or reconsideration following sentencing. [MIO 11] Defendant acknowledges that "some facts relating to this ineffective assistance of counsel claim may not be apparent from the record available on the summary calendar." [MIO 12] Based on the information before this Court, we cannot conclude that Defendant has established a prima facie case of ineffective assistance of counsel.

{17} We conclude that Defendant has failed to make a prima facie showing of ineffective assistance of counsel and therefore deny his motion to amend. To the extent that Defendant may wish to pursue the matter further, we suggest that habeas proceedings would be the appropriate avenue. *See generally State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus."); *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

**Cumulative Error**

{18} Finally, Defendant seeks to argue that cumulative error deprived him of a fair trial. [MIO 2-3, 12] Specifically, he states that "an accumulation of error deprived [him] of his right to a fair trial: the jury was biased, the jury instructions were erroneous, there was prosecutorial misconduct, and trial counsel was ineffective." [MIO 4]

{19} "The doctrine of cumulative error applies when multiple errors, which by themselves do not constitute reversible error, are so serious in the aggregate that they cumulatively deprive the defendant of a fair trial." *State v. Roybal*, 2002-NMSC-027, ¶ 33, 132 N.M. 657, 54 P.3d 61. We are not convinced that Defendant has demonstrated any error; therefore, there can be no cumulative error. *See State v. Samora*, 2013-NMSC-038, ¶ 28, 307 P. 3d 328 ("Where there is no error to accumulate, there can be no cumulative error."(alteration, internal quotation marks, and citation omitted)).

{20} In sum, we deny Defendant's motion to amend, in its entirety, as non-viable for its failure to establish good cause for our allowance of such amendment. *See Moore*, 1989-NMCA-073, ¶¶ 41-43; *see also Rael*, 1983-NMCA-081, ¶¶ 15-16 (identifying the criteria required to show good cause for amending a docketing statement and indicating that we will not grant motions to amend that raise non-viable issues).

10

Additionally, for the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm Defendant's conviction for DWI.

{21}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**DANIEL J. GALLEGOS, Judge**

11