STATE V. MARTINEZ

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**CRYSTAL MARTINEZ,**
**Defendant-Appellant.**

NO. A-1-CA-37108

COURT OF APPEALS OF NEW MEXICO

February 18, 2019

APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY, Sarah C. Backus, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Allison H. Jaramillo, Assistant Appellate Defender, Santa Fe, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JULIE J. VARGAS, Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** On motion for rehearing, the opinion filed on February 11, 2019, is withdrawn, and the following opinion is substituted in its place.

**{2}** Defendant appeals following the district court's denial of her motion to suppress. On appeal, Defendant contends that the officer unlawfully seized her and unlawfully searched her bag. This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Unpersuaded, we deny the motion to amend the docketing statement as non-viable and otherwise affirm.

**{3}** In this Court's calendar notice, we proposed to affirm the district court's decision finding that the actions of the officer were reasonable and justified under the totality of the circumstances and that the officer had "articulated facts that justified swift action to prevent the potential risk to life." [RP 129] We proposed that the State appeared to have demonstrated that exigent circumstances existed that justified the warrantless seizure of the occupants of the vehicle when the officer pointed his weapon at the driver. As Defendant did not raise any other objections to the stop and seizure in her docketing statement, we did not further examine the encounter.

**{4}** In her memorandum in opposition, Defendant continues to argue that the initial seizure occurred when the officer drew his gun or, as she now argues in the alternative, when the officer first parked behind the car in which Defendant was riding. [MIO 18] She also argues that the district court's findings were "not grounded in any exigency." [MIO 18] To the contrary, as Defendant admits, the district court found that the officer articulated facts that justified "swift action to prevent the potential risk to life," and such finding is supported by the record and Defendant has not disputed the facts identified by the district court in support of this finding. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). [MIO 18] Based on the record before us, we proposed to conclude that exigent circumstances justifying the seizure existed. [CN 5-6] Defendant's argument in her memorandum in opposition, conflating the exigent circumstances of the initial seizure with her new argument regarding consent to search Defendant's purse, as discussed further below, does not persuade us that exigent circumstances did not justify the initial seizure. [MIO 18-20] We are similarly unpersuaded by Defendant's new arguments that the officer needed particularized suspicion of Defendant to justify the seizure because the evidence of the officer's knowledge of the driver's involvement in a shooting, likely possession of weapons, and sudden turn toward the console did not demonstrate exigent circumstances that justified the seizure of all the passengers in the vehicle. [MIO 22, CN 5-6] To the extent Defendant now argues that the district court's basis for its order was the driver's consent, we note that the order clearly states that the seizure was also justified based on the facts articulated by the officer regarding his swift actions to prevent potential risk to life. [MIO 18, Notice of Appeal 4; RP 129]

**{5}** Defendant also seeks to amend the docketing statement to add the argument that the district court erred in relying on the driver's consent in finding that the search of Defendant's purse was permissible. [MIO 1] However, this issue was not raised in the motion to suppress below, and was thus not preserved. Defendant raises it in her

motion to amend for the first time, alternatively arguing that her trial counsel's failure to raise it in her motion to suppress amounted to ineffective assistance of counsel. [MIO 1, 24-29]

**{6}** "Criminal defendants are entitled to 'reasonably effective' assistance of counsel under the Sixth Amendment of the United States Constitution." *State v. Crocco*, 2014-NMSC-016, ¶ 12, 327 P.3d 1068 (internal quotation marks and citation omitted). "For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice." *Id.* ¶ 14 (internal quotation marks and citation omitted). Without an adequate record, an appellate court cannot determine that trial counsel provided constitutionally ineffective assistance. *See State v. Tafoya*, 2012-NMSC-030, ¶¶ 58-59, 285 P.3d 604 ("An appellate court will not second-guess counsel's strategic judgment unless the conduct does not conform with an objective standard of reasonableness." (internal quotation marks and citation omitted)). "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Crocco*, 2014-NMSC-016, ¶ 14 (internal quotation marks and citation omitted).

**{7}** In this case, although different arguments to suppress the search of Defendant's bag may have been made below, factual disputes such as Defendant's possible consent to the search prevent us from having a complete record in order to fully evaluate the claim. Accordingly, Defendant has not made a prima facie case of ineffective assistance of counsel. *See Tafoya*, 2012-NMSC-030, ¶¶ 58-59. We note, however, that our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494. "This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850.

**{8}** We thus turn to Defendant's motion to amend her docketing statement to add the argument that the driver's consent was insufficient to provide consent to search Defendant's purse. As indicated above, this argument was not preserved, and Defendant does not explain how the issue rises to fundamental error. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they

allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. As Defendant has not explained how the issue was preserved, why it may be raised for the first time on appeal, or why it cannot be more appropriately addressed through habeas corpus proceedings, we deny the motion to amend as non-viable. *See id.*; *Rael*, 1983-NMCA-081, ¶¶ 7-8; *see also State v. Cunningham*, 2000-NMSC-009, ¶ 21, 128 N.M. 711, 998 P.2d 176 ("Parties alleging fundamental error must demonstrate the existence of circumstances that shock the conscience or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked.").

**{9}**     Because of the foregoing, we conclude that Defendant has not satisfied her burden to oppose the proposed summary disposition. *See Hennessy*, 1998-NMCA-036, ¶ 24 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, we affirm.

**{10}   IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**