668 P.2d 309

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Gilbert RAEL, Defendant-Appellant.**

No. 7242.

Court of Appeals of New Mexico.

July 5, 1983.

Certiorari Denied Aug. 18, 1983.

**194**

Paul G. Bardacke, Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Mary Ann Lunderman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

WALTERS, Chief Judge.

Although originally charged with aggravated burglary, contrary to NMSA 1978, § 30–16–4(C), defendant was convicted of breaking and entering in violation of NMSA 1978, § 30–14–8 (Cum.Supp.1982). His docketing statement raised two issues upon which we proposed summary affirmance. NMSA 1978, Crim., Child.Ct., Dom. Rel. & W/C App.R. 207 (Spec.Supp.1983). His timely memorandum in opposition does not contest the proposed disposition on these issues, but rather constitutes a motion to amend the docketing statement to raise an additional issue. For the reasons which follow, we deny the motion to amend and affirm the judgment and sentence.

The original docketing statement states these basic facts of the case: A thirteen-year-old girl awakened one night to find a partially-clothed man in her bed. The girl struggled with the man and hit him in the face with a hammer; then went to get her parents. They ordered the man out of the apartment and called police. The man, bleeding from the face, put on his clothes after leaving the apartment, and left the building. There was evidence that the intruder was very intoxicated. Police officers found the defendant, with blood on his face, walking away from the apartment. They took him back to the apartment where members of the girl's family identified him as the man found in the apartment.

Defendant testified that he had a problem with alcohol, and that he had drunk a substantial quantity of alcohol on the day in question. He remembered some of the things he did that day and night, but he had no recollection of being in the apartment. He admitted the possibility of being there, but firmly believed that he could not or would not have committed an act such as was described by the young girl.

The defense tendered the testimony of an expert witness, concerning certain effects of intoxication. The court refused to admit that testimony. Defendant objected to instructing the jury on the crime of aggravated burglary, arguing that the evidence was insufficient to support the element of specific intent. The court, nevertheless, instructed on aggravated burglary and, at the request of both the State and the defendant, on breaking and entering. The issues raised in the original docketing statement alleged error in the exclusion of the expert testimony and error in submitting aggravated burglary to the jury.

We proposed summary affirmance of those issues because both propositions went to proofs of a higher offense of which defendant was acquitted. Thus, any alleged error was harmless. *State v. Horton*, 57 N.M. 257, 258 P.2d 371 (1953); *State v. Wright*, 84 N.M. 3, 498 P.2d 695 (Ct.App. 1972). Defendant's memorandum in opposition to our summary calendaring did not address those issues or our proposed disposition of them in any manner except to abandon them. The proposed amended docketing statement does not refer to either of the issues raised in the original docketing statement. The issues raised in the original docketing statement are, therefore, deemed abandoned. *State v. Martinez*, 97 N.M. 585, 642 P.2d 188 (Ct.App.), *cert. quashed*, 98 N.M. 51, 644 P.2d 1040 (1982).

A docketing statement is required to contain "a concise, accurate statement of the case containing all facts material to a consideration of the issues raised." NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 205(a)(3) (Spec.Supp.1983). No issue was raised initially in the docketing statement concerning defendant's conviction for breaking and entering. Accordingly, facts material to that conviction would not be expected to appear in that docketing state-

ment. Nevertheless, the docketing statement did contain the assertion: "[The girl's mother] stated that she did not notice the damage to the door until the next day and could not provide a very good description of the damage that was done to the door." Based on that sentence, defendant now has moved to amend his docketing statement to include an issue questioning sufficiency of the evidence to support the "breaking" element of breaking and entering.

 Although we look with disfavor upon the addition of issues not raised in the docketing statement, *see State v. Jacobs,* 91 N.M. 445, 575 P.2d 954 (Ct.App.), *cert. denied,* 91 N.M. 491, 576 P.2d 297 (1978), our practice has been to grant motions to amend the docketing statement which are timely filed and which demonstrate to us that the new issue sought to be raised was either properly preserved below or is cognizable on appeal pursuant to NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 308 (Spec.Supp.1983). We deem these limitations essential to a showing of good cause for our allowance of an amended docketing statement. *See,* NMSA 1978, Crim., Child. Ct., Dom.Rel. & W/C App.R. 208(h) (Spec. Supp.1983). The allowance of an amendment to the initial docketing statement is discretionary with the appellate court on appeal. NMSA 1978, Crim., Child.Ct., Dom. Rel. & W/C App.R. 208(h), provides in part:

> The appellate court may, upon its own motion or upon motion of either party *and for good cause shown,* order or allow an amended docketing statement, or, after the transcript of proceedings has been filed, order or allow a supplemental transcript of proceedings. The fact that counsel on appeal was not the trial counsel shall be considered by the court in determining if good cause has been shown. [Emphasis added.]

 Prior cases have established that a motion to amend will be considered timely when filed prior to the expiration of the original briefing time in cases assigned to a non-summary calendar, *Jacobs, supra,* and prior to the expiration of the time for filing a memorandum in opposition in cases assigned to the summary calendar, *State v. Norush,* 97 N.M. 660, 642 P.2d 1119 (Ct. App.), *cert. denied,* 98 N.M. 50, 644 P.2d 1039 (1982). The motion to amend here, having been filed prior to the due date for the memorandum in opposition, was timely filed. Therefore, if the motion to amend is otherwise sufficient to show good cause for the amendment, our policy would be to grant it. In this case, however, the motion to amend is deficient in other respects and we are unwilling, at this stage in the appeal and for the reasons we hereafter set out, to permit another delay so that counsel may attempt to correct the deficiencies.

Defendant's motion to amend seeks to raise the issue of "[w]hether or not the State met the burden of proof on the element of 'breaking' to sustain the defendant's conviction." Authorities are cited for the elements of breaking and entering and for the proposition that the State has the burden of proving beyond a reasonable doubt every element of the crime charged. The grounds for the motion to amend are that trial counsel is not appellate counsel and that appellate counsel's review of the docketing statement finds it to have "omitted an issue that raised a jurisdictional question of fundamental error." We quote pertinent parts of the motion to amend:

> At the time the state rested their [sic] case the defendant argues there was very little evidence showing "breaking." * * * The defendant argues that the State failed to fulfill this burden in as much as they were more concerned with a conviction on the one count of aggravated burglary * * * *

> The State did call [the mother] and she did testify that she did not notice the damage to the door until the next day and she could not provide a very good description of that damage.

> * * * * The evidence testified to by [the mother] does not tie the defendant to the damage. Further, at least from the docketing statement and phone conversations with trial counsel and with the defendant it would seem there is little more to support the States [sic] contention. If

such would be the case upon complete review of the record the defendant's conviction could not stand. The defendant feels that this is in fact the case and that this case should be recalendared so that the entire record can be reviewed by appellate counsel and so that this issue can be briefed for this court to consider fully.

■ App.R. 205(a)(3) provides that a docketing statement contain an accurate statement of all facts material to a consideration of the issues raised. App.R. 205(a)(4), (Spec.Supp.1983), then requires a statement of the issues and prohibits general conclusory statements. We deem it self-evident that the rules applicable to docketing statements apply with equal, if not greater, force to requests to amend docketing statements and to fulfill showings of good cause that would persuade us to allow any motion to amend. See State v. Sisneros, 98 N.M. 201, 647 P.2d 403 (1982), which holds that general conclusory statements in a memorandum in opposition to a proposed calendaring are insufficient to show cause for a recalendaring. Issues sought to be added under a motion to amend shall be simply and concisely stated, supported by appropriate legal authority, together with any contrary authority known by appellant. Argument on the law shall not be included, but a short, simple statement of the rule for which the case or text is cited, should accompany the citation. See NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 208(h).

Finally, the motion to amend should recite the reason why the new issue was not originally raised. Our rules presuppose that trial counsel, who is required to file the docketing statement, is familiar with the case and will state such issues as are supported by the facts. Jacobs, supra. It would seem likely, in this case, that some reason must have existed to suggest to trial counsel for defendant, trial counsel for the State, the trial court, as well as the jury, that there was sufficient evidence of breaking to permit defendant's conviction on the charge of breaking and entering. See State v. Anaya, 98 N.M. 211, 647 P.2d 413 (1982).

An appellate court, of course, is not bound by such perceptions and if, indeed, there exists insufficient evidence, it is our duty to reverse. State v. Doe, 92 N.M. 100, 583 P.2d 464 (1978). However, a showing of good cause in support of a motion to amend should first seek to convince us that reasons for conviction do not exist.

■ The motion to amend an amended docketing statement filed in this case is deficient in the following respects: (1) It cites no authority for the proposition that the new issue is jurisdictional or fundamental error, although such authority exists. Doe, supra. (2) It does not contain all facts material to the issue. By its own contents, it admits that there was the testimony of the mother plus "little more." What this "little more" is, we are not told. (3) It is replete with conclusory statements, not facts. A statement "that there was very little evidence" does not aid this court in evaluating an issue of insufficiency. (4) We are not told why the issue was omitted by trial counsel.

In the final analysis, defendant's "Conclusion" that the case should be recalendared because "[d]efendant states that the State failed to prove an essential element of breaking and entering" does not demonstrate, by itself, any good cause to allow the amendment. The conclusion is completely suppositious. Because defendant assesses the evidence to be insufficient does not adequately raise an appealable issue.

Mindful of the sentiments expressed in Olguin v. State, 90 N.M. 303, 563 P.2d 97 (1977); Linam v. State, 90 N.M. 302, 563 P.2d 96 (1977); and Vigil v. State, 89 N.M. 601, 555 P.2d 901 (1976), this court, upon a showing of good cause, will grant amendments to docketing statements and recalendar cases so that all issues on appeal may be heard on their merits. Mindful, also, of the admonition in Eller v. State, 90 N.M. 552, 566 P.2d 101 (1977), that docketing statements be read liberally, we nevertheless do not believe Eller's cautions were intended to be applied blindly to trial and appellate counsel who, by constant practice in this court, should have intimate familiarity with

our appellate rules and who should know, also, how to raise an appellate issue.

 To recapitulate: In cases assigned to a summary calendar, a motion to amend the docketing statement (when asserting other than fundamental error or jurisdictional issues) will be granted only if:

1. It is timely;

2. It states all facts material to a consideration of the new issues attempted to be raised;

3. It states those issues and how they were preserved or shows why they did not have to be preserved;

4. It states the reason why the issues were not originally raised and shows just cause or excuse for not originally raising them; and

5. It complies in other respects with the appellate rules insofar as necessary under the circumstances of the case.

We expect such motions to be concise and to the point. We have little hesitation to grant motions to amend which honestly and candidly raise new issues perceived to constitute genuine reversible error, and which meet the above five criteria. We do not espouse such liberality in granting motions to amend which appear to us designed solely for the purpose of obtaining a limited calendar assignment regardless of the viability of any issues attempted to be raised. See State v. Toussaint, 84 N.M. 677, 506 P.2d 1224 (Ct.App.1973). Compare State v. Romero, 87 N.M. 279, 532 P.2d 208 (Ct.App. 1975).

The motion to amend in this case appears to us to fall into the latter category. While we expressly do not decide the motion on that ground, we note that the docketing statement recitation concerning the damage to the door, together with the other facts of this case, appear sufficient under the appropriate standard of appellate review to directly or inferentially support the element of breaking by this defendant. See State v. Tovar, 98 N.M. 655, 651 P.2d 1299 (1982). We would observe, however, in expansion of the immediately foregoing statement, that the failure of the motion to amend to state specifically what facts were proved below

leads us to believe that the motion was filed solely for the purpose of obtaining a transcript or a copy of the proceedings, if taped, to "pick through the transcript for possible error." Jacobs, supra, at 91 N.M. 450, 575 P.2d 954. That procedure is not permissible, nor is it to be tolerated. At some point, trial and appellate counsel must find the courage and integrity to be honest with the court and with their clients regarding the merits of an appeal; and that point should be, we think, either before or at the time of filing an initial docketing statement. State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967), is instructive.

The motion to amend is denied. The judgment and sentence is affirmed.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.