This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                             **NO. 31,237**

**KEVIN MARTINEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles C. Currier, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals his convictions for distribution of marijuana and possession of a controlled substance. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

Defendant continues to argue that the officer lacked specific and articulable suspicion to justify the patdown. "The purpose of a protective frisk for weapons is to allow an officer to conduct an investigation without fear of violence." *State v. Talley*, 2008-NMCA-148, ¶ 19, 145 N.M. 127, 194 P.3d 742. "To justify a frisk for weapons, an officer must have a sufficient degree of articulable suspicion that the person being frisked is both armed and presently dangerous." *State v. Vandenberg*, 2003-NMSC-030, ¶ 22, 134 N.M. 566, 81 P.3d 19. "To determine the reasonableness of a protective frisk for weapons, we must balance the threat posed to officer safety under the circumstances, against the individual's right to personal security free from arbitrary interference by law officers." *Id.* ¶ 23 (internal quotation marks and citation omitted). "[T]he officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent [officer] in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* (second alteration in original) (internal quotation marks and citation omitted). "If it could be found that reasonable people might differ, the courts have deferred in favor of the

officer's good judgment." *Talley*, 2008-NMCA-148, ¶ 19 (internal quotation marks and citation omitted).

In the present case, the district court made the following findings. At approximately 11:00 p.m., Officer John Clay stopped a vehicle at a Roswell intersection based on an expired registration tag. [RP 91] Officer Clay smelled a strong odor of marijuana as he approached the vehicle. [RP 91] This smell increased when Officer Clay reached the driver's side window. [RP 91] Officer Clay asked Defendant to exit the vehicle and come to the back of the vehicle for purposes of questioning. [RP 92] Once at the the rear of the vehicle, Defendant put his hands in his jacket pockets, causing Officer Clay concern. [RP 92] Based on this concern, Officer Clay asked Defendant to remove his hands from his pockets. [RP 92] Defendant did so, but then put his hands in back his pockets, causing Officer Clay to tell him again to remove his hands. [RP 92] This happened three times. [RP 92] After Defendant placed his hands in his jacket pockets the third time, Officer Clay decided to conduct the patdown search; this was based on Defendant's behavior, that the officer was alone, it was late at night, there was another passenger in the vehicle, and there was a strong odor of marijuana coming from the vehicle. [RP 92]

Our case law supports the district court's ruling that the totality of the circumstances justified the patdown. For example, in *Vandenberg*, the officer testified

in detail about the defendant's extreme and escalating nervousness: drumming his fingers, fidgeting, constantly looking at the officer through his rearview mirror, and the emotional response and questioning of the officer's authority when the officer announced the intent to protectively frisk him. *Vandenberg*, 2003-NMSC-030, ¶¶ 8-11, 28-30. The *Vandenberg* majority opinion believed that it was a close case, but that the officer was justified in conducting a patdown for officer safety based on the specific concerns the officer articulated. *Id.* ¶¶ 33, 36.

Here, we believe that the repeated refusal to keep his hands out of his jacket pockets created a significantly greater concern for officer safety than that held to be reasonable in *Vandenberg*, particularly when combined with the other circumstances of the patdown. We are not inclined to second guess the officer, even if it could reasonably be stated that these circumstances did not create a threat to officer safety. *See Talley*, 2008-NMCA-148, ¶ 19.

Defendant argues in his docketing statement that there was no evidence that the officer knew Defendant, so that he could discern whether Defendant was acting out of the ordinary. [MIO 3-4] Such evidence was unnecessary, and its absence does not affect the objective reasonableness of the officer's actions. Defendant also argues that, even if the officer's actions were justified under the federal constitution, they were impermissible under the state constitution. We construe this as a motion to

amend the docketing statement because this separate issue was not raised in the docketing statement, which relied on our cases discussing the federal constitution. We also note that the state constitution was merely cited once in the motion to suppress [RP 69], with no specific cite and no independent argument, and was therefore not properly preserved. *See State v. Leyva*, 2011-NMSC-009, ¶ 47, 149 N.M. 435, 250 P.3d 861 (setting forth preservation requirements for this claim). Accordingly, we hereby deny the motion to amend. *See generally State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**CYNTHIA A. FRY, Judge**