This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JULIA G. ENYEART,**

    Petitioner-Appellee,

**v.**                      **No. 32,399**

**DAVID ENYEART,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Julia Enyeart
Rio Rancho, NM

Pro Se Appellee

David Enyeart
Rio Rancho, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

    Appearing pro se, Respondent, appeals from the district court's decision and order resolving nine post-decree motions [RP 570], which the district court resolved in a written order following two evidentiary hearings. [RP 569] Our calendar notice

proposed to summarily affirm and Respondent filed a memorandum in opposition. We remain unpersuaded by Respondent's arguments and affirm.

**BACKGROUND**

Respondent continues to argue that the district court erred in its legal rulings and requests that this Court, among other things: (1) correctly calculate child support and order Petitioner to pay Respondent past due child support in a timely manner, (2) reverse the district court's order regarding family photographs, (3) reverse the district court's order requiring Respondent to pay for damages to Petitioner's vehicle, (4) reverse the district court's order to equalize fees to the guardian ad litem, (5) enforce the district court's order regarding equalization of taxes, and (6) remove hearing officer Nancy Colella from this case. [MIO 13]

**DISCUSSION**

Our calendar notice identified nine issues and Respondent addresses eleven issues in his memorandum in opposition. To the extent Respondent is attempting to raise new issues, which is somewhat unclear, we treat his memorandum in opposition as a motion to amend his docketing statement. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were

2

properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). We deny Respondent's motion to amend his docketing statement because he does not explain why any new issues were not raised in the docketing statement. Even if he provided such information, we would still deny the motion because none of the issues he raises are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (stating this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error).

As we stated in our proposed notice, we review a district court's decisions as to child support for an abuse of discretion. *See Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559. We review a district court's exercise of its equitable powers for an abuse of discretion. *See Romero v. Bank of the Sw.*, 2003-NMCA-124, ¶ 28, 135 N.M. 1, 83 P.3d 288 (internal quotation marks and citation omitted). With respect to factual issues, we recognize that the trier of fact is in the best position to evaluate the credibility of witnesses and we do not reweigh evidence or draw our own conclusions about credibility on appeal. *See Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 127, 767 P.2d 363, 366 (Ct. App. 1988).

**CONCLUSION**

We have carefully reviewed the arguments made by Respondent in his memorandum in opposition and remain persuaded that our proposed disposition applied the proper standard of review and reached the correct result.  For the reasons stated in our calendar notice, we affirm the district court.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**