STATE V. HERMAN

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**SCOTT HERMAN,**
**Defendant-Appellant.**

No. A-1-CA-37470

COURT OF APPEALS OF NEW MEXICO

February 25, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Jacqueline D. Flores, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Santa Fe, NM, Steven J. Forsberg, Assistant Appellate Defender, Albuquerque, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JULIE J. VARGAS, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant, Scott Herman, appeals his conviction for assault. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition and a motion to amend the docketing

statement. We have considered Defendant's arguments and remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

**{2}** We have already outlined the procedural and factual background in our notice of proposed summary disposition. Therefore, in order to avoid unnecessary repetition, we will focus instead on the contents of Defendant's memorandum in opposition, discussing only such facts as are relevant to his arguments.

**{3}** In his docketing statement, Defendant argued that the district court erred in allowing Detective Allred to testify that Defendant had a possessory interest in the pickup truck described by the victim, Mr. Rusconi, and to testify that this truck was photographed outside a residence associated with Defendant. Defendant argued that the introduction of this evidence was contrary to evidentiary rules regarding the necessity of personal knowledge, the rule against hearsay, and his right to confrontation. [DS 9]

**{4}** We proposed summary affirmance on these issues, and Defendant does not respond to our proposed disposition in his memorandum in opposition, instead specifically resting on the docketing statement. [MIO 2] Accordingly, we affirm on these issues for the reasons stated in our notice of proposed summary disposition.

**{5}** Defendant does seek to raise a new issue in his memorandum in opposition through a motion to amend the docketing statement. [MIO 1-2] In his motion to amend, Defendant argues that the district court erred in denying his request for a limiting instruction pursuant to Rule 11-105 NMRA (providing for a limiting instruction when evidence is admissible "for a purpose but not admissible . . . for another purpose").

**{6}** We understand the relevant facts on this issue as follows based on the recitation of facts in the docketing statement, which Defendant does not dispute in his memorandum in opposition. Prior to trial, Defendant filed a motion in limine to exclude any reference to Mr. Herman's involvement in the shoplifting and drug possession incidents that occurred at Sportsman's Warehouse. [RP 78-79] Defendant argued that Detective Allred should not be able to testify that the license plate and truck described by Mr. Rusconi were linked to Defendant or his address because Detective Allred did not have personal knowledge; rather the information came from on out-of-court statement by the police officer who investigated the Sportsman's Warehouse incident. [DS 4] The State responded that such evidence was not being introduced for the truth of the matter asserted, but was intended to show the continuity of the investigation and explain why Detective Allred identified Defendant as a suspect. [DS 5]

**{7}** The district court delayed ruling on the motion until it heard from Detective Allred at trial. [DS 5] The district court ultimately determined that this evidence was not inadmissible under the rule against hearsay. [DS 6] However, the district court ruled that any reference to Defendant's shoplifting and possession of a controlled substance arrest was not admissible under Rule 11-404(B) NMRA and Rule 11-403 NMRA. [DS 6] The district court ruled that Detective Allred could testify that he was able to link the

truck described by Mr. Rusconi to Defendant by searching a database and that he found an address liked to Defendant on that database. [DS 6] Detective Allred was also allowed to testify that he used Google Maps to find a photo of the address which showed a similar truck parked in front of that address. [DS 6]

{8}     Defendant then requested a limiting instruction under Rule 11-105, asking that the jury be instructed that it could not consider Detective Allred's testimony for the truth of whether Defendant actually possessed the truck or resided at the address. [DS 7] The district court denied the requested instruction, and Detective Allred testified that he obtained information from a police database that Defendant possessed a truck that matched the description and license plate provided by Mr. Rusconi. Detective Allred testified that he was able to obtain a picture of a truck on Google Maps, and the Google Maps photo was admitted. [DS 7]

Rule 11-105 provides:

> If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.

{9}     We understand Defendant to contend that Detective Allred's testimony was inadmissible hearsay if offered for any purpose other than to explain the course of the investigation. However, as we noted in our notice of proposed disposition, with respect to his hearsay argument, Defendant only informed us that the district court determined that the rule against hearsay did not bar the evidence. Defendant did not inform us whether the district court ruled that the evidence was not hearsay or that it was admissible under a hearsay exception. Defendant also has not informed us of the basis for the district court's ruling denying a limiting instruction, either in his docketing statement or in his memorandum in opposition. *See State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (stating that "[w]here there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the trial court's judgment" (alteration, internal quotation marks, and citation omitted)). Accordingly, we are not in a position to evaluate the merits of this argument or the district court's ruling. On the record before us, therefore, and in the absence of complete information, we cannot say that the district court erred in denying the request for a limiting instruction. We therefore deny the motion to amend the docketing statement on the basis that Defendant has not shown that the issue is viable. *See State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (discussing requirements for amending a docketing statement, including that issue sought to be raised must be viable).

**CONCLUSION**

{10}     For these reasons, we affirm Defendant's convictions.

**{11}   IT IS SO ORDERED**.

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**