| STATE V. MUNOZ |
| --- |

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**SALVADOR MORENO MUNOZ,**
**Defendant-Appellant.**

Docket No. A-1-CA-37094
COURT OF APPEALS OF NEW MEXICO
April 16, 2019

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY, Douglas R. Driggers, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, C. David Henderson, Appellate Defender, Santa Fe, NM, for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  M. MONICA ZAMORA, Chief Judge, J. MILES HANISEE, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**    Defendant appeals from his convictions, after a jury trial, of trafficking; tampering with evidence; two counts of resisting, evading, or obstructing an officer; driving while license revoked; failure to notify owner upon striking fixture or property; and failure to maintain traffic lane. In this Court's notice of proposed disposition, we proposed to affirm. Defendant filed a memorandum in opposition and motion to amend, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, Defendant continues to argue that the district court erred in admitting Officer Milks's hearsay references to out-of-court records. [MIO 7] Defendant contends that, although the records on which the officer relied may have been *admissible*, they were not *admitted* and are required to be admitted in order for the witness to rely on them for the truth asserted. [MIO 7-9] We assume, without deciding, that Defendant is correct and nevertheless affirm because any error in the admission of the purported hearsay is harmless.

**{3}**     Specifically, the testimony about which Defendant complains is Officer Milks's testimony "regarding the contents of official records purporting to show that [Defendant]'s driver's license had been suspended." [MIO 5, 7] Whether the statement was introduced to explain why Officer Milks attempted to pull Defendant over or to provide evidence for the driving while license revoked charge, the memorandum in opposition and the record indicate that other reliable evidence existed to support both. In his memorandum in opposition, Defendant states that Officer Milks attempted to pull him over "for several traffic offenses." [MIO 4] In the record, the State points out in its response to Defendant's motion for a new trial, which the district court denied, that during the trial, "the State introduced a video of Defendant's arrest in which Defendant admitted that his driver's license was suspended." [RP 131]

**{4}**     "[N]on-constitutional error is harmless when there is no reasonable *probability* the error affected the verdict." *State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (internal quotation marks and citation omitted). In light of the fact that Officer Milks attempted to pull Defendant over for *several* traffic offenses, after which Defendant fled and ultimately crashed, and in light of the fact that Defendant admitted that he was driving on a suspended license, there is no reasonable probability that Officer Milks's testimony regarding his discovery that Defendant was driving on a suspended license from his records search affected the verdict. *See id.* We therefore conclude that any error in admitting the purported hearsay was harmless.

**{5}**     In his memorandum in opposition, Defendant also continues to argue that the district court erred in permitting Agent Duffy to testify regarding the value of drugs. [MIO 9] We are similarly unpersuaded that the district court abused its discretion in allowing the testimony. As we stated in our calendar notice, Agent Duffy testified that he was assigned to the Drug Enforcement Administration (DEA) as a task force officer; that his duties included investigating narcotics violations; that he had been employed in that capacity for six and a half years; that he received numerous trainings, specifically mentioning a two-week task force officer school put on by the DEA; that he had conducted approximately 400 narcotics investigations in his career, having interviewed approximately 200 individuals suspected of using or selling narcotics; and that he had worked undercover between twenty-five and fifty times in his career. [CN 7]

**{6}**     Although Defendant claims that Agent Duffy was "admitted as an expert regarding whether possession [of] a particular amount of drugs was indicative of an intent to distribute them," and not "as an expert as to the street value of drugs," Agent Duffy's experience nonetheless supports a conclusion that he was an expert in the

value of drugs—to wit: that he had conducted approximately 400 narcotics investigations in his career, having interviewed approximately 200 individuals suspected of using or selling narcotics, and that he had worked undercover between twenty-five and fifty times in his career. *See State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant). We therefore do not find any abuse of discretion in the district court's allowance of Agent Duffy's testimony on the value of the drugs found. *See State v. Bullcoming,* 2010-NMSC-007, ¶ 28, 147 N.M. 487, 226 P.3d 1, *rev'd on other grounds sub. nom. by Bullcoming v. New Mexico*, 564 U.S. 647 (2011) ("Whether a witness possesses the necessary expertise or a sufficient foundation has been established to permit a witness to testify as an expert witness is a matter entrusted to the sound discretion of the trial court. Absent an abuse of discretion, a reviewing court will not disturb the trial court's decision to accept or reject such testimony." (citation omitted)).

**{7}**     In his motion to amend, Defendant seeks to argue that the district court erred in permitting Officer McDaniel's bolstering lay testimony regarding the relative amount of heroin, which Defendant claims was preserved below. [MIO 5-6, 10-11] In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *superceded by ruled on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See Moore*, 1989-NMCA-073, ¶ 42.

**{8}**     Defendant contends that Officer McDaniel's experience with only four or five arrests pertaining to heroin possession in four years did not qualify him to provide lay testimony regarding whether the amount of heroin recovered was a large amount of heroin. [MIO 4-5, 10-11] Defendant notes that the State could have asked whether the amount of drugs seized in the present case was of greater quantity than the officer had seen in other cases within the officer's experience, but instead asked the broader question, which Defendant argues required sufficient training and experience to reasonably gauge. [MIO 6, 11

**{9}**     Again, appellate courts review the admission of evidence for an abuse of discretion. *State v. Vargas*, 2016-NMCA-038, ¶ 10, 368 P.3d 1232. "A court abuses its discretion when its evidentiary rulings indicate a misapprehension of the law." *Id.* Lay opinion testimony is testimony that is "rationally based on the witness's perception, helpful to clearly understanding the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 11-702 NMRA." Rule 11-701 NMRA. First, Officer McDaniel's testimony that the heroin recovered was a large amount falls within the confines of the rule. Although

Defendant essentially argues that Officer McDaniel did not have enough experience to provide such testimony, this argument rather supports allowance of the testimony as lay opinion, rather than expert testimony. Defendant acknowledges that Officer McDaniel has *some* experience with heroin possession cases—in fact, four to five cases involving heroin possession. Based on his personal knowledge with these handful of cases, combined with whatever related experience he gained while serving as an officer for four years, supports a conclusion that his opinion regarding whether the amount of heroin recovered was a large amount was rationally based on his perception, helpful, and not based on particularly specialized knowledge. *See* Rule 11-701. The allowance of such testimony pursuant to these facts is not an abuse of discretion. *See Vargas*, 2016-NMCA-038, ¶ 10.

**{10}** Moreover, even if the testimony was erroneously admitted, the error is harmless. In light of Agent Duffy's testimony, as an expert, that the amount recovered is an amount usually possessed for trafficking purposes and that the amount recovered was worth approximately $60,000 "if it were packaged in single quantities" [MIO 8], any error in admitting Officer McDaniel's "bolstering" testimony is harmless because "there is no reasonable *probability* the error affected the verdict." *See Tollardo*, 2012-NMSC-008, ¶ 36 (internal quotation marks and citation omitted). As such, we consider the issue Defendant seeks to add by his motion to amend non-viable and deny the motion. *See Moore*, 1989-NMCA-073, ¶¶ 42-43.

**{11}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{12}  IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**J. MILES HANISEE, Judge**