## PARRISH V. ROOSEVELT COUNTY BOARD OF COUNTY COMMISSIONERS

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**KEITH PARRISH,**
**Plaintiff-Appellant,**
**v.**
**ROOSEVELT COUNTY BOARD OF COUNTY COMMISSIONERS, a political sub-division existing under the laws of the State of New Mexico,**
**Defendant-Appellee.**

Docket No. A-1-CA-37711
COURT OF APPEALS OF NEW MEXICO
May 28, 2019

APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY, Donna J. Mowrer, District Judge

### COUNSEL

Christian P. Christensen LLC, Christian P. Christensen, Portales, NM for Appellant

New Mexico Association of Counties, Mark L. Drebing, Albuquerque, NM for Appellee.

### JUDGES

M. MONICA ZAMORA, Chief Judge. WE CONCUR:  JULIE J. VARGAS, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** M. MONICA ZAMORA

### MEMORANDUM OPINION

**ZAMORA, Chief Judge.**

{1}     Plaintiff appeals from summary judgment granted in favor of Defendant. This Court's notice of proposed disposition proposed to summarily affirm. Plaintiff filed a memorandum in opposition to the proposed disposition raising a new issue, which we construe as a motion to amend the docketing statement. Unpersuaded by Plaintiff's arguments, we deny the motion to amend and affirm.

**{2}** Plaintiff argues that it was futile for him to file a grievance with the county manager since it was he who made the decision—requiring fifty hour work weeks, and no holiday or snow day pay—Plaintiff sought to grieve. [MIO 2] Thus, Plaintiff asserts that there were no further legal or statutory remedies available after the county manager's decision, which was final and non-grievable. [MIO 4] Plaintiff asserts the general principle "that administrative remedies do not have to be exhausted when it would be futile to do so or when a question of law is at issue." *State ex rel. Regents of E. N.M. Univ. v. Baca*, 2008-NMSC-047, ¶ 18, 144 N.M. 530, 189 P.3d 663.

**{3}** Defendant's motion for summary judgment sought dismissal on jurisdictional grounds for failure to exhaust administrative remedies. Plaintiff's response did not argue that he was not required to initiate a grievance because it would have been futile to do so. *See* Rule 12-321(A) NMRA (providing that a question is preserved for appellate review if it "appear[s] that a ruling or decision by the trial court was fairly invoked . . . [and further, i]f a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party"). Not having asserted futility as a defense to Defendant's motion for summary judgment, we do not address the argument on appeal. *See Gzaskow v. Pub. Emps. Ret. Bd.*, 2017-NMCA-064, ¶ 23, 403 P.3d 694 (noting that futility was not asserted in the proceeding challenging the district court's jurisdiction).

**{4}** In a related argument, Plaintiff contends that a part of his claim is a result of Defendant's inaction, and the grievance procedure therefore does not apply. [MIO 3] Plaintiff relies on *Granberry v. Albuquerque Police Officers Ass'n*, 2008-NMCA-094, ¶ 10, 144 N.M. 595, 189 P.3d 1217, for his contention. In that case, the plaintiff's complaints concerning flaws in the promotion process were expressly excluded from the grievance process in the collective bargaining contract governing the proper procedures for relief. *Id.* The *Granberry* Court determined that the issue was a legal question and resolved it as a matter of law. *See id.* ¶ 9.

**{5}** Our proposed disposition indicated that the interpretation of the applicable provision in the personnel manual presented a legal issue and proposed to conclude, as a matter of law, "that the permissive language in the grievance procedure only gave Plaintiff the option of first resolving his complaint with his supervisor, if he so chose, but in either case, required him to address it to the County Manager for a final determination." [CN 5] *See San Pedro Neighborhood Ass'n v. Bd. of Cty. Comm'rs of Santa Fe Cty.*, 2009-NMCA-045, ¶ 12, 146 N.M. 106, 206 P.3d 1011 ("[T]he interpretation of [an] ordinance is a question of law that we review de novo, using the same rules of construction that apply to statutes."). We proposed to rely on the parties' agreement that "grievance," as defined in the personnel manual, is "[a] complaint of an employee concerning actions taken by management which result in loss of pay to the employee, or which results from dissatisfaction with the working conditions or relationships." [CN 3-4; *see also* DS 4; 2 RP 364] Because Plaintiff does not dispute the facts relied upon for our proposed disposition, we affirm. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held

that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{6}    Plaintiff further argues that breach of an implied-in-fact contract does not require exhaustion of administrative remedies. [MIO 4-5, 8] Plaintiff asserts that whether an implied contract existed is a factual issue and New Mexico has not adopted a rule precluding an employee's breach of an implied-in-fact contract based on oral assurances outside of the personnel manual before exhausting administrative remedies. [MIO 5-6] However, we see no difference between claims for a breach of a written contract and breach of an implied-in-fact contract, and Plaintiff cites no authority in this regard. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Therefore, we conclude that any claim Defendant breached an implied contract also fails because Plaintiff did not exhaust administrative remedies.

{7}    Insofar as Plaintiff argues unjust enrichment, it appears from the record that Plaintiff raised this argument for the first time in response to Defendant's motion for summary judgment. [2 RP 516-17] Plaintiff did not assert it as a cause of action in the complaint. [1 RP 1-4] Moreover, we are not persuaded that granting relief under an unjust enrichment theory would have been proper where the personnel manual expressly provided grievance procedures. *See Arena Res., Inc. v. Obo, Inc.*, 2010-NMCA-061, ¶ 21, 148 N.M. 483, 238 P.3d 357 (concluding that the district court erred in invoking an unjust enrichment theory of recovery and in granting relief under that theory of recovery where the parties had an express contract).

{8}    Lastly, Plaintiff argues that promissory estoppel does not require the exhaustion of administrative remedies. [MIO 4-8] Because this is a new argument not raised in the docketing statement [DS 6], we construe it as a motion to amend. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309 (enumerating the requirements of a motion to amend the docketing statement). Plaintiff does not indicate whether or how it was raised below and it does not appear from the record that it was preserved. *See Losey v. Norwest Bank of N.M., N.A. (In re Norwest Bank of N.M., N.A.)*, 2003-NMCA-128, ¶ 30, 134 N.M. 516, 80 P.3d 98 (stating that this Court will not search the record for evidence of preservation). We therefore deny the motion to amend. *Rael*, 1983-NMCA-081, ¶ 15 (requiring motion to amend to indicate how the issue was preserved or why it may be raised for the first time on appeal).

{9}    For these reasons, and those stated in the notice of proposed disposition, we affirm.

{10}   **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**