This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37947

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**JENNIFER M.,**

Respondent-Appellant,

and

**KENNETH M.,**

Respondent,

**In the Matter of SAVANNAH M. and KYLER M.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Jane Schuler-Gray, District Judge**

Children, Youth and Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Law Offices of Jane B. Yohalem
Jane B. Yohalem
Albuquerque, NM

for Appellant

Denise A. Madrid Boyea
Carlsbad, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Appellant (Mother) appeals from an adjudication of abuse. Due to trial counsel's failure to provide a description or summary of the evidence before the district court concerning the arguments asserted in the docketing statement, our calendar notice proposed to affirm. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (holding that the appellant's failure to provide the court with a summary of all the facts material to consideration of an issue on appeal necessitated a denial of relief). Mother's memorandum in opposition continues to challenge the sufficiency of the evidence to support the district court's findings. Having carefully considered the arguments asserted in the memorandum in opposition, we affirm.

**{2}** Initially, we note that the docketing statement challenged the sufficiency of the evidence to support the district court's adjudication of abuse based on Mother's assertions that she appropriately sought medical treatment for her Child and that the foster parents may have been the source of the child's injuries. [DS 4] The memorandum in opposition continues to challenge the sufficiency of the evidence, but centers on the district court's findings of aggravated circumstances and futility. [MIO 4, 6]

**{3}** First, Mother argues that the district court's finding of aggravated circumstances is not supported by clear and convincing evidence in the record. [MIO 4-6] "For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact[-]finder's mind is left with an abiding conviction that the evidence is true." *State ex rel. Children, Youth & Families Dep't v. Michelle B.*, 2001-NMCA-071, ¶ 12, 130 N.M. 781, 32 P.3d 790 (internal quotation marks and citation omitted). We "view the evidence in the light most favorable to the prevailing party, and . . . determine therefrom if the mind of the fact[-]finder could properly have reached an abiding conviction as to the truth of the fact or facts found." *Id.* (internal quotation marks and citation omitted).

**{4}** Mother contends the experts' testimony that Child had been injured multiple times was far from clear and convincing. [MIO 5] We disagree. "'[A]ggravated circumstances' includes those circumstances in which the parent, guardian or custodian has: . . . attempted, conspired to subject or has subjected the child to torture, chronic abuse or sexual abuse[.]" NMSA 1978, Section 32A-4-2(C)(3) (2018). Expert testimony was presented that Child had a right skull fracture, multiple rib fractures, a fractured

clavicle, retinal hemorrhaging, persistent vomiting over a two-week period, and that blood had to be drained from the child's head; these injuries, in combination, showed evidence of blunt trauma over time. [DS 3-4] To the extent Mother challenges the sufficiency of the experts' testimony in this regard, we do not "assess the credibility of the witnesses, [but] defer[] instead to the conclusions of the trier of fact." *State ex rel. Children, Youth & Families Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 24, 128 N.M. 701, 997 P.2d 833. "[V]iewing the evidence in the light most favorable to the prevailing party, the fact[-]finder could properly determine that the clear and convincing evidence standard was met" to sustain the determination that the child was subjected to chronic abuse as defined by statute. *In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶ 3, 120 N.M. 463, 902 P.2d 1066; *see also* § 3A-4-2(C)(3). Moreover, we note that the district court's finding of aggravated circumstances also appears to have been based on evidence of harm to the Child's sibling, which is permitted by statute. [1 RP 161] *See* § 32A-4-2(C)(1) (providing that aggravated circumstances are also established where the parent has "attempted, conspired to cause or caused great bodily harm to the child or great bodily harm or death to the child's sibling").

**{5}**     Second, Mother argues that the district court abused its discretion by making a finding of futility in its dispositional order and relieving Children, Youth and Families Department from making reasonable efforts to assist Mother. [MIO 6-7; 1 RP 210] We note that this issue was alluded to, but not expressly raised, in the docketing statement. [DS PDF 3; 1 RP 209] We therefore construe it as a motion to amend the docketing statement. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. We review the district court's decision for an abuse of discretion. *See State ex rel. Children, Youth & Families Dept. v. Amy B.*, 2003-NMCA-017, ¶ 14, 133 N.M. 136, 61 P.3d 845 (recognizing that NMSA 1978, Section 32A-4-22(C) (2016) "provides the trial court with discretion to relieve the state of the burden of providing services").

**{6}**     It appears from the record that the district court based its finding on both a clear showing of futility—that providing further assistance to Mother would be futile—as well as a finding of aggravated circumstances. [1 RP 155] NMSA 1978, § 32A-4-28(B)(2)(a-b) (2005) ("The court may find in some cases that efforts by the department or another agency are unnecessary, when: (a) there is a clear showing that the efforts would be futile; or (b) the parent has subjected the child to aggravated circumstances[.]"). Mother argues that where the parent has not had a previous chance to reunify with another child, there is no track record of failure for the court to rely on and special care must be exercised to prevent a parent from being stripped of their parental rights unfairly. [MIO 7]

**{7}**     Based on the evidence described above, and as presented in the record proper, docketing statement, and memorandum in opposition, as well as the district court's findings of fact in support of the dispositional order [1 RP 232-34], we conclude that the district court's finding of futility is supported by the evidence. *See Vanessa C.*, 2000-NMCA-025, ¶ 24 ("We will not substitute our judgment for that of the trial court as to any factual matter."); *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 31, 132 N.M. 299, 47 P.3d 859 ("Our standard of review requires us to

determine whether the trial court's conclusion, when viewed in the light most favorable to the decision below, was supported by substantial evidence, not whether the trial court could have reached a different conclusion."). Insofar as Mother relies on any conflicting evidence, "[i]t is for the finder of fact and not for the reviewing courts to weigh conflicting evidence and decide where the truth lies." *Michelle B.*, 2001-NMCA-071, ¶ 12. We therefore conclude that there was no abuse of discretion. Accordingly, we deny the motion to amend the docketing statement. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (stating that we deny motions to amend the docketing statement if the issue that the defendant is seeking to raise is not viable).

**{8}** For the foregoing reasons, and those stated in the notice of proposed disposition, we affirm the district court.

**{9}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**