This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39036**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ERIC ZELEK HOGGS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mark A. Peralta-Silva, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals the amount of presentence confinement credit contained in an order revoking his probation. [DS 3; MIO 7] This Court issued a notice of proposed disposition proposing to affirm, largely because it was unclear from his docketing statement what error Defendant was asserting in the calculation of that credit. [CN 3-4] Defendant has filed a memorandum in opposition to that proposed disposition in which he seeks to amend his docketing statement to assert that his right to due process of law was violated by the application of NMSA 1978, Section 31-20-5 (2003), by the sentencing court. [MIO 4-7]

**{2}** The relevant portion of that statute requires that, when a probationer is also serving a period of parole, and

> violates any condition of that parole, the parole board shall cause him to be brought before it pursuant to the provisions of [NMSA 1978,] Section 31-21-14 [(1963)] and may make any disposition authorized pursuant to that section and, if parole is revoked, the period of parole served in the custody of a correctional facility shall not be credited as time served on probation.

Section 31-20-5(B)(2). This Court has held this statutory provision "expresses the sensible principle that a paroled defendant is entitled to credit against probation only for the time the defendant is successfully on parole." *State v. Neal*, 2007-NMCA-086, ¶ 17, 142 N.M. 487, 167 P.3d 935. We have, similarly, held that the Legislature intended this principle "to apply in all cases." *Id.* ¶ 21.

**{3}** Defendant asserts that his right to due process was violated by application of this statute because, prior to its revocation, Defendant's parole was running concurrently with his probation. [MIO 6] Thus, Defendant asserts, he had a reasonable expectation that they would continue to run concurrently even after the revocation of his parole. [Id.] We are unpersuaded.

**{4}** Although Defendant's probation was running concurrent to his parole prior to his parole violation, upon violation of his conditions of parole and the revocation thereof, the parole board was authorized to return him to incarceration, and neither that body nor the district court was authorized to allow him to serve his probation while incarcerated on that basis. *See* § 31-20-5(B)(2). As a result of that revocation and the operation of the statute, Defendant was not entitled serve his probation concurrent with the portion of his parole served in custody. And he was, similarly, not entitled to any reasonable expectation that he could do so. Stated another way, Defendant was not entitled to any reasonable expectation that the clear command of Section 31-20-5(B)(2) would somehow not apply to him. *See Neal*, 2007-NMCA-086, ¶ 21 (holding that the Legislature intended the principle "that a defendant gets credit toward his probationary period only when he is compliant with conditions of parole—to apply in all cases"). As a result, we deny Defendant's motion to amend his docketing statement on the basis that the issue he seeks to raise is not viable. *See State v. Rael*, 1983-NMCA-081, ¶ 16, 100 N.M. 193, 668 P.2d 309 (noting that motions to amend a docketing statement are not granted "regardless of the viability of any issues attempted to be raised"); *State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (denying a motion to amend a docketing statement where the issue sought to be raised was not viable).

**{5}** Defendant also continues to assert that the district court committed some unspecified error in calculating the amount of credit he was entitled to receive as part of his sentence. [MIO 7] Nonetheless, apart from his assertion that application of Section 31-20-5(B)(2) violated due process, Defendant's memorandum in opposition to summary affirmance adds neither any facts nor legal argument that would suggest the

district court miscalculated that credit. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (explaining that a party opposing summary disposition has the burden "to clearly point out errors in fact or law"); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a notice of proposed summary disposition).

**{6}** Accordingly, the order revoking Defendant's probation, including its calculation of presentence confinement credit, is affirmed.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**