This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39891

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**PAUL R.,**

Respondent-Appellant,

and

**TYIA F.,**

Respondent,

and

**SARA K. and TRAVIS K.,**

Intervenors,

**IN THE MATTER OF AALIYIAH F.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
William E. Parnall, District Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Richmond L. Neely
Albuquerque, NM

for Intervenors

Deborah Gray Law, LLC
Deborah Gray
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**DUFFY Judge.**

**{1}** Father appeals from the termination of his parental rights to Child. We issued a calendar notice proposing to affirm. Father has filed a memorandum in opposition that includes a new argument we construe as a motion to amend the docketing statement, both of which we have duly considered. Unpersuaded, we affirm.

**{2}** Father continues to argue that the district court erred in finding that there was clear and convincing evidence presented to support the termination of his parental rights to Child. [MIO 9-13] Specifically, Father asserts that he had been following his treatment plan and although there was a domestic violence incident in the summer of 2020 between himself and Mother, because he and Mother separated, the domestic violence incidents were no longer a threat to Child. [MIO 13] Father, however, does not dispute any of the other facts relied upon in the calendar notice—that Father has had ongoing issues with substance abuse and untreated mental health issues; Father's disinterest in participating with the permanency planning workers; Father failing to complete drug tests and other recommended appointments and psychological evaluations; and that Father has minimized the issues that brought Child into the custody of the Children, Youth, and Families Department (CYFD). [CN 3-6] Even assuming, as Father asserts, domestic violence was the only reason CYFD decided against Child's reunification with Father [MIO 12], there was other evidence presented at the hearing relied upon in the proposed disposition to support the termination of parental rights, which Father has not pointed to as an error in fact. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *cf. State ex rel. Child., Youth & Fams. Dep't v. Brandy S.*, 2007-NMCA-135, ¶ 25, 142 N.M. 705, 168 P.3d 1129 (agreeing that an erroneous finding, not independently established by testimony at the hearing, is not grounds for reversal where the finding was not essential

to the ultimate ruling on the termination of parental rights motion). To the extent Father seeks reversal so that he can be allowed a longer period of time to work towards reunification with Child [MIO 12, 13], that is not a proper basis for reversal. *See State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶ 53, 136 N.M. 53, 94 P.3d 796 ("[T]he district court need not place children in a legal holding pattern, while waiting for the parent to resolve the issues that caused their children to be deemed neglected or abused."). Accordingly, we are unpersuaded that the arguments asserted by Father in his memorandum in opposition impact our analysis or our proposed disposition of the case; as such, we affirm for the reasons stated in our notice of proposed disposition.

**{3}**      Father also contends that he received ineffective assistance of counsel because his trial counsel failed to timely file the docketing statement. [MIO 13] Father maintains that he was prejudiced because had the docketing statement been timely filed, his case would also have been assigned to the general calendar as Mother's had. [MIO 14] Initially, Father's ineffective assistance of counsel claim was based on the contention that inadequate funding for court appointed attorneys resulted in ineffective assistance of counsel due to the disincentive to investigate and fully prepare for abuse and neglect cases. [DS PDF 13] We therefore construe this new argument as a motion to amend the docketing statement. Not having responded to the Court's proposed disposition on the initial grounds raised in the docketing statement, we deem that issue abandoned. *See Griffin v. Thomas*, 1997-NMCA-009, ¶ 7, 122 N.M. 826, 932 P.2d 516 ("[A]n issue is deemed abandoned where a party fails to respond to the calendar notice's proposed disposition of the issue[.]").

**{4}**      As to the motion to amend the docketing statement, this Court will grant such a motion to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*,  1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309.

**{5}**      Father asserts that had his docketing statement been timely, his appeal would have been considered on the general calendar, as Mother's had. Father therefore contends that trial counsel's failure to timely file a docketing statement prejudiced him because he was denied access to the general calendar. [MIO 9] However, that is not necessarily the case. Mother's appeal was considered and resolved based on the issues raised in her docketing statement, as well as the evidence presented as to Mother's involvement and progress in her treatment plan. We review the docketing statement and the record before us, applying the law to the facts as they relate to each parent, independent of one another. Therefore, to say that the result in Father's case should have been the same as that in Mother's ignores the due process separately afforded to each parent in termination of parental rights proceedings. Accordingly, we conclude Father was not prejudiced and decline Father's invitation to speculate as to what the outcome could have been had his docketing statement been filed at the same

time Mother's was filed. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alteration, internal quotation marks, and citation omitted)); *see also State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration, internal quotation marks, and citation omitted)).

{6}     For the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**