STATE V. CRUZ

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**ANTONIO CRUZ,**
**Defendant-Appellant.**

Docket No. A-1-CA-37581
COURT OF APPEALS OF NEW MEXICO
May 24, 2019

APPEAL FROM THE DISTRICT COURT OF LEA COUNTY, William G. Shoobridge, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, Gregory B. Dawkins, Assistant Appellate Defender, Sant Fe, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, BRIANA H. ZAMORA, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals the dismissal of his appeal from magistrate court to district court. [RP 80] On appeal, Defendant contends that his counsel was ineffective in failing to prosecute his appeal and failing to reinstate it following dismissal. This Court issued a notice of proposed disposition, proposing to affirm. Plaintiffs filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Unpersuaded, we deny the motion to amend and affirm.

**{2}** In this Court's calendar notice, we proposed to affirm because the record did not establish that defense counsel's actions or inactions actually caused the dismissal, or that Defendant's failure to appear at the show cause hearing was attributable to defense counsel. [CN 4] We therefore proposed to hold that the record did not demonstrate that the district court's dismissal resulted from the error of Defendant's trial counsel. [CN 4-5] We also suggested that to the extent Defendant wishes to pursue his ineffective assistance claim, it would be more properly brought in habeas corpus proceedings. [CN 5]

**{3}** In his memorandum in opposition, Defendant argues that the ineffective assistance of his counsel violated his due process rights to counsel on appeal, and that this Court should examine the ineffective assistance claim rather than requiring development in separate habeas corpus proceedings. [CN 2] The reason for our preference for habeas corpus claims is because without an adequate record, an appellate court cannot determine that trial counsel provided constitutionally ineffective assistance. *See State v. Tafoya*, 2012-NMSC-030, ¶¶ 58-59, 285 P.3d 604 ("An appellate court will not second-guess counsel's strategic judgment unless the conduct does not conform with an objective standard of reasonableness." (internal quotation marks and citation omitted)). "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. In the present case, the record is silent as to whether Defendant actually wished to continue pursuit of his appeal or the reason for Defendant's failure to appear and counsel's failure to request reinstatement. Defendant's docketing statement and memorandum in opposition have not clarified these relevant facts, which are key to the necessary determination of whether counsel's errors caused prejudice. *State v. Crocco*, 2014-NMSC-016, ¶ 12, 327 P.3d 1068 ("For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice." (internal quotation marks and citation omitted)). Therefore, we see no reason why habeas is not the more appropriate avenue to examine the ineffective assistance claim.

**{4}** Defendant's motion to amend the docketing statement seeks to add the issue of whether the district court erred in dismissing the case with prejudice when Defendant did not appear at the show cause hearing. [MIO 9] Defendant argues that NMSA 1978, § 35-13-2(C) (1996), and Rule 5-612 NMRA are ambiguous, and contends that it is unclear whether Defendant was required to have attended the show cause hearing. [MIO 9-10] Defendant states that he was not required to attend as the hearing was not a trial and was not concerning the merits of his appeal, and he characterizes the hearing as dealing with purely legal arguments. [CN10]

**{5}** We disagree that a hearing to show cause for Defendant's failure to pursue his appeal and failure to seek reinstatement of it involves purely legal arguments; it seems foreseeable that the district court would anticipate, and benefit from, Defendant's

presence. Moreover, missing from this claim, as well as the foregoing ineffective assistance claim, is any assertion from Defendant that the record establishes that he wanted to pursue the appeal and was cooperating in its pursuit, and that any failure was counsel's alone. As a result, Defendant's argument overlooks important aspects of his case and fails to supply us with sufficient information to support the issue he wishes to add. The record shows that Defendant failed to pursue his appeal for over ten months after initiating it and failed to seek reinstatement of his appeal. [RP 1, 72] The district court issued an order to show cause why his appeal should not be dismissed. *See* Rule 5-828(B), (C) NMRA (contemplating that the district court may issue an order to show cause why the appellant's de novo appeal should not be dismissed for the failure to appear or for otherwise failing to comply with the rules). The order to show cause placed the burden on Defendant to establish cause, and Defendant does not explain how he showed cause why his appeal should not be dismissed. Defendant also does not state how or whether defense counsel explained Defendant's absence from the hearing. Without any information about how defense counsel responded to the order to show cause, we are left with Defendant's absence and his failure to assist the district court in an effort to discover whether Defendant wanted to pursue his appeal and the reasons why Defendant had not pursued his appeal. With multiple inferences still possible from the information available from the record, we cannot conclude that the district court erred by dismissing the appeal or that Defendant presented a prima facie case of ineffective assistance of counsel.

**{6}** The district court ruled that "[n]o sufficient cause was shown as to why the appeal should not be dismissed," [RP 80] and Defendant does not supply us the necessary information to establish why this determination was made in error. Faced with inactivity in the case, an absent Defendant, no request to reinstate the appeal, and no clear statement relative to Defendant's interest and cooperation in pursuing the appeal, we are unable to conclude that the district court erred by dismissing the case rather than reinstating it. [MIO 7] We deny Defendant's motion to amend the docketing statement to add this issue. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91(explaining that we will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309 (explaining that we will grant a motion to amend to add an issue if the appellant, inter alia, includes all the facts material to that issue).

**{7}** As the record does not support the error asserted, we affirm.

**{8}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**BRIANA H. ZAMORA, Judge**