This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　**No. A-1-CA-37452**

**LEO GALICIA,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jennifer E. Delaney, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence convicting him for one count of criminal sexual contact of a minor (CSCM) under the age of thirteen. Unpersuaded that Defendant established that the State failed to present sufficient evidence of CSCM, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a combined motion to amend the docketing statement and memorandum in opposition. We deny the motion to amend and affirm Defendant's conviction.

**Motion to Amend**

**{2}** Defendant's motion to amend seeks to add an issue asking whether the district court erred by allowing hearsay testimony from Victim's mother about Victim's alleged diagnosis of post-traumatic stress disorder (PTSD) over the defense's objection. [MIO 4] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{3}** We deny Defendant's motion to amend because Defendant does not demonstrate that the evidentiary issue he seeks to raise is viable. Defendant does not state the question eliciting the objectionable testimony; he does not describe the testimony that incited his objection; he does not recall the objection made; and does not recall the district court's ruling. [MIO 5] The tape log indicates that Victim's mother was testifying about the changes she saw in her daughter after the alleged incident. [RP 177] Assuming Defendant is correct that the testimony of Victim's mother also included hearsay, it appears Defendant likely objected on those grounds. [Id.] The record shows that the district court promptly responded to the objection and instructed the prosecutor to rephrase the question; thus, it appears the district court agreed with the objection. [Id.] It appears that thereafter Victim's mother testified that Victim was diagnosed with PTSD and was in counseling. [Id.] The tape log suggests that the district court may have mentioned something about the PTSD testimony, but there is no indication that the district court admitted the testimony over a defense objection, as Defendant suggests. [Id.; MIO 4] Neither the motion to amend nor the record indicate that Defendant made any further objection or requested a curative instruction for the PTSD testimony. Thus, it appears that when Defendant objected on hearsay grounds and the district court agreed and ordered the prosecution to rephrase to avoid further hearsay, Defendant obtained all the relief requested. *See State v. Laney*, 2003-NMCA-144, ¶ 34, 134 N.M. 648, 81 P.3d 591 (holding that where a defendant objects, the trial court sustains the objection, and no further remedy or curative instruction is requested, the relief sought was obtained).

**{4}** In addition, even assuming Defendant sufficiently objected to the hearsay testimony about PTSD, Defendant does not establish a reasonable probability that the testimony affected the verdict. *See State v. Hnulik*, 2018-NMCA-026, ¶ 24-25, ___ P.3d ___ (applying the non-constitutional harmless error analysis to hearsay statements). The tape log and motion to amend indicate that Victim's mother testified about the change in Victim's behavior that *she witnessed* in her daughter after the incident. [MIO 5; RP 177] Also, Victim testified about the incident, which she stated occurred when she was eleven; Victim accused Defendant of having committed the offense, who is her

uncle and with whom she was close and very familiar; the incident allegedly occurred when she was sleeping over at his house after he came home from drinking that day; and, although there was conflicting testimony about whether Victim knew another uncle, no one testified that the incident did not occur and no one contradicted her testimony about the incident. [RP 171-72, 174] Defendant does not allege nor does he establish how, in light of the foregoing, there was a reasonable probability that the brief hearsay testimony about Victim's diagnosis of PTSD [RP 177] contributed to the verdict. We deny the motion to amend.

**Sufficient Evidence**

**{5}** Defendant continues to challenge the sufficiency of the evidence to support his conviction for CSCM. [MIO 8-9] Our notice described the jury instructions against which the evidence was measured, [CN 2] detailed this Court's understanding of the evidence presented, [CN 3-4] and proposed to conclude that, under the applicable standard of review, the evidence was sufficient. [CN 4] Defendant's memorandum in opposition does not assert that we erred in our understanding of the evidence or the instructions or the standard of review. [MIO 9] He contends that Victim may have been mistaken and complains that there was no testimony corroborating Victim's account of the events. [RP 10]

**{6}** Our Legislature has declared: "The testimony of a victim need not be corroborated in prosecutions under Sections 2 through 5 [NMSA 1978, §§ 30-9-11 through 30-9-14 (1975 amended through 2007)] of this act and such testimony shall be entitled to the same weight as the testimony of victims of other crimes under the Criminal Code." NMSA 1978, § 30-9-15 (1975); *see* § 30-9-13 (prohibiting the criminal sexual contact of a minor). As we stated in our notice, this Court will not reweigh the evidence on appeal and we will not substitute our judgment that of the jury. *See State v. Sutphin*, 1988-NMSC-031, ¶ 23, 107 N.M. 126, 753 P.2d 1314 ("A reviewing court may neither reweigh the evidence nor substitute its judgment for that of the jury."); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). We hold that the evidence was sufficient to support Defendant's conviction for CSCM.

**{7}** For the reasons stated in this opinion and in our notice, we affirm the district court's judgment and sentence.

**{8}**    **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**