This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

NO. A-1-CA-38155

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**ANTHONY B.,**

Respondent-Appellant.

and

**DEANNA C.,**

Respondent.

**IN THE MATTER OF
ANTOINETTE B.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Law Offices of Jane B. Yohalem
Jane B. Yohalem
Santa Fe, NM

for Appellant

Jennifer L. Muson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Father appeals following the district court's termination of his parental rights. On appeal, Father challenges whether the Children, Youth and Families Department's (CYFD) efforts to assist him were reasonable and whether the district court's conclusion that those efforts were reasonable was supported by clear and convincing evidence. This Court issued a notice of proposed disposition, proposing to affirm. Father filed a memorandum in opposition that we have duly considered. Unpersuaded, we affirm.

**{2}** In this Court's calendar notice, we proposed to affirm the district court's termination of Father's parental rights as the district court's findings appeared to be supported by substantial evidence, and the findings appeared to support the district court's determination of termination of Father's parental rights. [CN 7] We also proposed to affirm on grounds that CYFD was not obligated to act as an advocate for Father and track filings in a separate criminal proceeding on his behalf. [CN 6] We additionally noted that, based on Father's minimal and temporary participation in his treatment plan, as well as his failure to visit with Child when he was able and his expressed preference that Mother have sole responsibility for Child, there is no indication that earlier knowledge that he could have contact with Child would have changed his conduct or the result. [CN 7]

**{3}** In his memorandum in opposition, Father contends:

(1) that CYFD's efforts to assist Father in remedying the causes and conditions that led to CYFD custody were not reasonably calculated to assist Father given Father's disabilities; and (2) that CYFD failed to show by clear and convincing evidence that, with assistance reasonably calculated to meet his needs, Father would not be able to remedy the causes and conditions of his abuse of Child in the foreseeable future.

[MIO 2]

**{4}** We construe issue (1) as a motion to amend the docketing statement, which did not initially contend that CYFD failed to tailor its efforts to any disability of Father's.

> In cases assigned to a summary calendar, a motion to amend the docketing statement (when asserting other than fundamental error or jurisdictional issues) will be granted only if:
>
> 1.    It is timely;
>
> 2.    It states all facts material to a consideration of the new issues attempted to be raised;
>
> 3.    It states those issues and how they were preserved or shows why they did not have to be preserved;
>
> 4.    It states the reason why the issues were not originally raised and shows just cause or excuse for not originally raising them; and
>
> 5.    It complies in other respects with the appellate rules insofar as necessary under the circumstances of the case.

*State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. We deny motions to amend the docketing statement if the issue that the appellant is seeking to raise is not viable. *State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23.

**{5}** The heart of Father's first issue is his contention that "CYFD knew from the outset of this case that Father had both significant mental health issues and borderline intelligence." [MIO 6] CYFD purportedly knew of these issues because Father promptly complied with the requirement that he undergo a psychological evaluation, from which the Citizen's Review Board indicated doubt that Father would be able to live on his own. [MIO 6; *see also* 1 RP 47]

**{6}** Father is correct that CYFD has an obligation to design reasonable support in light of individual circumstances and that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity[.]" *State v. Penny J.*, 1994-NMCA-143, ¶ 12, 119 N.M. 328, 890 P.2d 389. In the present case, Father indicates that CYFD required him "to determine the status of a criminal court order on his own" [MIO 8] and contends that CYFD's failure to independently determine whether visitation was barred did not constitute reasonable efforts [MIO 9]. However, Father also indicates that CYFD did not, in fact, require Father to describe the impact of the criminal order, but instead only asked him to "get CYFD's case worker a copy of the order *or* a report on its content." [MIO 4; *see also* 1 RP 140 (stating that Father "has not provided [CYFD] with a copy of the no contact order")] In addition, the record shows that CYFD "asked [F]ather *and his attorney* to address" the purported no-contact order. [1 RP 84 (emphasis added)] This Court is unpersuaded by Father's arguments that the district

court erred in concluding that CYFD's actions did not amount to a denial of reasonable assistance to Father. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that he appellate court presumes that the trial court is correct, and the burden is on the appellant to clearly demonstrate that the trial court erred).

{7}     Moreover, despite Father's contention that CYFD's failure to ascertain the actual contents of the criminal court order "delayed all effective treatment of Father for a full year and a half" and effectively allowed the Father-Child bond to disintegrate, we note that Father has offered no other indication that earlier knowledge that he could have contact with Child would have changed his conduct or the result. [CN 4] *Cf. In re Candice Y.*, 2000-NMCA-035, ¶ 33, 128 N.M. 813, 999 P.2d 1045 (involving the conduct of a guardian ad litem, reiterating that there is no reversible error when there is no prejudice). Indeed, despite Father's assertion that he "succeeded with the aspects of his treatment plan he was able to participate in," he has not provided additional facts from the record that persuade this Court that  earlier discovery of the true nature of the criminal order would have changed the fact that he  otherwise engaged in minimal and temporary participation in his treatment plan, failed to visit with Child when he was able, and expressed a preference that Mother have sole responsibility for Child.  [MIO 4; CN 7] We therefore conclude that Father has failed to show error in the district court's conclusion that CYFD failed to provide reasonable efforts in light of Father's claimed disabilities.

{8}     Regarding Father's second issue, because we disagree with the foundation for Father's argument—that CYFD's efforts were not reasonably calculated to meet Father's needs—we do not address the resultant hypothetical issue of whether, if provided *different* assistance, Father might have been able to remedy the causes and conditions that led to CYFD custody.

{9}     Based on the foregoing, we hold that Father has not satisfied his burden to demonstrate error in the proposed summary disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Thus, for reasons set forth in our notice and in this opinion, we affirm the district court's order terminating Father's parental rights, and deny Father's motion to amend as non-viable.

{10}   IT IS SO ORDERED.

J. MILES HANISEE, Judge

WE CONCUR:

MEGAN P. DUFFY, Judge

BRIANA H. ZAMORA, Judge