This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37673

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**MALACHI MOFFITT,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Aja Oishi, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions for battery upon a peace officer and resisting. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. We hereby deny the motion for the reasons set forth below. We affirm.

**Motion to Amend**

**{2}** Defendant has filed a motion to amend the docketing statement to add a new issue. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues attempted to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{3}** Here, Defendant's motion seeks to raise a confrontation issue over a statement that had been made at the scene by a now-deceased officer (Clint Corvinus), and admitted at trial through the officer's lapel video and in-court testimony of another officer. The dispositive issue is whether the statement was testimonial. *See State v. Cabezuela*, 2011-NMSC-041, ¶ 49, 150 N.M. 654, 265 P.3d 705 ("Under the Confrontation Clause, out-of-court testimonial hearsay is barred unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness." (alterations, omission, internal quotation marks, and citation omitted)). As our discussion below on Defendant's sufficiency issue makes clear, Corvinus' statement to the other officer that Defendant had hit him in the head was made at the scene shortly after Officer Corvinus had been hit. As such, we do not deem it to be testimonial. *See State v. Romero*, 2006-NMCA-045, ¶ 66, 139 N.M. 386, 133 P.3d 842 (stating that on-scene statements to secure the scene will generally be non-testimonial unless there are indications that either the officer or the declarant was trying to procure or provide testimony). Although Defendant argues (MIO 8-9) that Officer Corvinus' primary purpose was to create evidence that he had been hit, the facts (MIO 2-4) indicate that the purpose was to explain in real time the evolving events at the scene. In addition, although Defendant had fled by that point, there were contradictory indications over whether Officer Corvinus had been hit by Defendant or his girlfriend, who was detained and being combative. We therefore do not deem this issue to be viable.

**{4}** Defendant continues to challenge the sufficiency of the evidence to support his conviction for battery upon a peace officer. [MIO 13] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

**{5}** In order to support the battery upon a peace officer charge, the evidence had to show that Defendant intentionally and unlawfully touched or applied force to Officer Corvinus by striking him or hitting him, that Officer Corvinus was performing the duties

of a peace officer, that Defendant knew he was a peace officer, that Defendant's conduct caused a meaningful challenge to the officer's authority, and that Defendant acted in a rude, insolent or angry manner. [RP 115]

{6}    Here, the State presented evidence that Defendant was approached by officers executing his arrest warrant. [MIO 2] Officer Corvinus made statements during the encounter that Defendant had punched him in the face. [MIO 3-4] These comments and the takedown were captured by Officer Corvinus' lapel video and played to the jury. [MIO 3] The other officer at the scene testified that he witnessed the takedown but did not see Defendant punching Officer Corvinus; he did, however, testify that Officer Corvinus told him that Defendant had punched him in the head.  [MIO 4; RP 156] We conclude that the evidence noted above was sufficient to support the conviction.

{7}    Defendant challenges the district court's ruling that Officer Corvinus' statements on the video were admissible under the excited utterance exception to the hearsay rule. [MIO 13] *See* Rule 11–803(2) NMRA (stating that the rule against hearsay does not exclude "[a] statement relating to a startling event or condition, made while the declarant was under the stress or excitement that it caused"). We review the district court's evidentiary ruling for an abuse of discretion. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

{8}    "[T]he theory underlying the excited utterance exception is that the exciting event induced the declarant's surprise, shock, or nervous excitement which temporarily stills capacity for conscious fabrication and makes it unlikely that the speaker would relate other than the truth." *State v. Flores*, 2010-NMSC-002, ¶ 47, 147 N.M. 542, 226 P.3d 641 (internal quotation marks and citation omitted). "[T]o constitute an excited utterance, the declaration should be spontaneous, made before there is time for fabrication, and made under the stress of the moment." *Id.* (internal quotation marks and citation omitted). Here, we conclude that the district court acted within its discretion in ruling that Officer Corvinus' statements fit within this definition; the statements were made spontaneously under stressful conditions involving a physical altercation.

{9}    For the reasons set forth above, we affirm.

{10}   **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**