This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37926**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ISRAEL RAMIREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Eran S. Sharon, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** The memorandum opinion filed in this case on February 13, 2020, is hereby withdrawn, and this opinion is substituted in its place.

**{2}** Defendant has appealed from the district court's order denying his second motion to change conditions of probation. We issued a notice proposing to affirm the district court's refusal to change his probationary conditions and noted that Defendant has since obtained the relief he sought through a stipulation to change the plea agreement.

Our notice also proposed to reject Defendant's claim of ineffective assistance of counsel and cumulative error. In response, Defendant filed a combined memorandum in opposition to our notice and a motion to amend the docketing statement to add a challenge to his sentence without specifically identifying the orders of which he seeks review. Defendant's response does not discuss or challenge with any specificity our proposed analysis of the issues raised in the docketing statement. [MIO 8] Thus, we affirm the district court's order denying his second motion to change conditions of probation for the reasons discussed in our notice and do not address those issues further. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (affirming for the reasons stated in a notice where the party responding to the notice did not specifically point out errors of law or fact). We limit our analysis to the assertions made in Defendant's motion to amend the docketing statement.

**{3}** The orders relevant to Defendant's motion to amend appear to be an order titled "Order of Probation"—issued by the Corrections Department Probation and Parole Division, signed by the district court judge, Defendant, and a probation officer [RP 209-210]—and part of the district court's order denying Defendant's second motion to amend the judgment and sentence, which relates to the length of Defendant's probation, rather than the conditions of his probation. [MIO 1-8; RP 203] Defendant asserts the district court wrongfully extended his probationary term by two years by failing to recognize that under NMSA 1978, Section 31-20-5(B)(1) (2003), time served on parole is credited as time served on the period of probation. [MIO 5-7] Defendant contends that ordering probation to be served after parole is contrary to the plea agreement and to law. [MIO 5-8] We requested a response to the motion to amend from the State. The State asserts that the length of Defendant's probation is consistent with the plea agreement of June 23, 2014, which ordered Defendant's term of probation in D-905-CR-2011-00221 to be run consecutive to his sentence in D-905-CR-2011-00220, and his term of probation in D-905-CR-2011-00305 to run consecutive to his probation in D-905-CR-2011-00221. [State's Response 4-8; RP 137-40] The State contends the plea agreement involves separate cases and different judgments and sentences, and therefore parole in one case (D-905-CR-2011-00220) is not credited as time served in a separate case and sentence (D-905-CR-2011-00221). [State's Response 4-8] The State acknowledges the record reflects a procedural error, where the State moved to revoke Defendant's probation when he was still on parole, presumably under D-905-CR-2011-00220, and before his probationary term began under D-905-CR-2011-00221. [State's Response 8]

**{4}** We now understand Defendant's motion to amend to raise an issue that either challenges the plea agreement entered on June 14, 2014, or challenges the State's interpretation of that plea agreement. Defendant presented this matter to the district court in a motion (and amended motion) to amend the judgment and sentence that simply asserted dates on which various events should occur under the plea agreement without providing any analysis. [RP 190-91, 193-94] At a hearing, the district court ruled without hearing argument from the parties that there is nothing to amend because Defendant's probation was simply continued, and that Defendant would need to file something else if Defendant wants the district court to hear additional information. [RP

197] It appears Defendant posited that the district court could reconsider the judgment and sentence under NMSA 1978, Section 31-11-6 (1966). [RP 197] To the extent Defendant meant the district court could amend the judgment and sentence under Rule 5-801 NMRA, we agree with the district court that the motions, filed in August 2018, are not timely from the judgment and sentence entered on July 31, 2014. [RP 148-150, 203] To the extent Defendant meant the district court could amend the judgment and sentence under Rule 5-802 NMRA, we lack jurisdiction to consider such appeals and Defendant did not specifically file a petition for writ of habeas corpus. *See* Rule 5-802(N)(2). Regardless, Defendant did not sufficiently develop the facts in district court to raise the claims he makes on appeal, which appear to require development in habeas proceedings and a determination by the district court. *See* Rule 5-802(A) (explaining that the habeas corpus rule governs the procedure for challenging an illegal sentence or arguing that the sentence is otherwise subject to collateral attack); Rule 5-802 comm. cmt. (explaining "motions to withdraw a plea after the entry of a final judgment and all direct appeals should be treated as habeas petitions to be adjudicated under Rule 5-802 as opposed to motions to modify or reduce a sentence filed under Rule 5-801").

{5}      If Defendant wishes to pursue his challenge to his sentence, the plea agreement, or State's interpretation of the plea agreement, he must first properly and fully present the matter to the district court and seek appeal in the appropriate court. Because Defendant has not demonstrated that the issue he seeks to add is properly before us, was properly developed and preserved or may be raised for the first time on appeal, and is viable, we deny the motion to amend. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309 (explaining the factors we consider in determining whether to grant or deny a motion to amend the docketing statement, including an explanation of how the issues were properly preserved or why they may be raised for the first time on appeal and a statement of all the facts material to a consideration of the new issues sought to be raised); *State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (explaining that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{6}      For the reasons stated in our notice and in this opinion, we affirm the district court's order denying his second motion to change conditions of probation.

{7}    **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**