This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38310**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**LARRY ABEYTA,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals his conviction for criminal sexual contact of a minor (CSCM) (child under 13). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition and motion to amend the docketing statement. For the reasons discussed below, we deny the motion to amend and affirm the judgment and sentence.

**Issues in the Docketing Statement**

**{2}**     Defendant has abandoned the two issues raised in the docketing statement. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814 P.2d 136 (stating that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned).

**Motion to Amend**

**{3}**     Defendant has filed a motion to amend the docketing statement to add a new issue. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{4}**     Here, Defendant moves to amend the docketing statement to raise the issue of whether it was fundamental error to fail to instruct the jury on the element of lawfulness. [MIO 2] The unlawfulness of the contact is an essential element in CSCM cases, and the omission of the element is generally considered to be fundamental error. *State v. Osborne*, 1991-NMSC-032, ¶¶ 33, 34, 111 N.M. 654, 808 P.2d 624. However, the Supreme Court provided an exception for cases where a defendant claims that the alleged contact did not occur, thereby not placing lawfulness at issue. *State v. Orosco*, 1992-NMSC-006, ¶¶ 3, 9, 18, 113 N.M. 780, 833 P.2d 1146.

As the Court explained:

> even if a defendant believed that he or she had performed an innocent or lawful touching, the defendant might prefer, as a matter of trial strategy or for some other reason, to deny that the incident occurred rather than attempt to establish that the touching, though it may have occurred, was lawful.

*Id.* ¶ 10.

**{5}**     In this case, the defense was that the alleged touching did not occur, thus making this situation similar to *Orosco*. In order to convict Defendant, the evidence had to show that Defendant intentionally touched or applied force to Victim's vaginal area. [RP 305-07] Victim testified that on Thanksgiving Day 2016, Defendant texted her to come to her bedroom, where he tried to kiss her, and then he touched her vaginal area. [DS 2; MIO 8] The State also presented evidence that corroborated Victim's testimony.

[DS 3-4] Defendant testified that the alleged vaginal touching did not occur, and presented testimony to back up his claim. [DS 5-6; MIO 9]

**{6}** Defendant's motion acknowledges that the defense strategy of denial resembles the situation discussed in *Orosco*. [MIO 15] Nevertheless, he claims the evidence placed unlawfulness at issue. [MIO 15-16] We disagree. Defendant does not refer us to any evidence that would allow the jury to find that he touched Victim's vaginal area, but did so lawfully. To the extent that Defendant claims [MIO 14] that a jury note during deliberations indicated that it was focusing on intent, the jury was instructed on the element of intent. [RP 305-07] Because the defense strategy had removed lawfulness from the jury's consideration, once it determined that the touching occurred, the jury's question was consistent with the need for it to also find intent. Accordingly, we conclude that the motion to amend is not viable and deny it.

**{7}** Based on the foregoing, we affirm the district court's judgment and sentence.

**{8}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**