This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40089**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**CRUZ N.,**

Respondent-Appellant,

and

**IN THE MATTER OF LEONA G.,
and INNOCENCE G.-G.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Judge**

Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Respondent Cruz N. (Mother) appeals from the district court's judgment terminating her parental rights to Leona G. and Innocence G.-G. (Children). This Court issued a notice of proposed disposition considering Mother's arguments as raised in her docketing statement and proposed to affirm. Mother has filed a memorandum in opposition to this Court's notice of proposed disposition, now particularly asserting that the Children, Youth and Families Department (CYFD) failed to make reasonable efforts to assist Mother in adjusting the conditions that rendered Mother unable to properly care for Children, by failing to immediately enroll Mother in an inpatient treatment program. [MIO 5] Having given due consideration to the arguments raised by Mother, this Court affirms the termination of her parental rights.

**{2}** In this Court's calendar notice, we proposed to conclude that CYFD met its burden to prove by clear and convincing evidence that the causes and conditions that brought Children into custody were not likely to change in the foreseeable future. [CN 9] We noted that the district court found that CYFD made referrals to appropriate services for Mother and made reasonable efforts to assist Mother to change and/or alleviate the causes and conditions that brought Children into custody. [CN 8, RP 158] The district court held that Mother had not fully engaged in her treatment plan as ordered by the district court, nor had she completed her treatment plan. [CN 8, RP 158] Thus, the district court concluded that CYFD demonstrated by clear and convincing evidence that the best interests of Children required the termination of Mother's parental rights. [CN 8, RP 158]

**{3}** Also in our calendar notice, we proposed to conclude that the district court did not improperly rely on stale evidence to reach this conclusion. [CN 10] We proposed to conclude that CYFD was not required to prove there had been a disintegration of the parent-child relationship. [CN 10-11] Finally, we proposed to conclude that Mother had not demonstrated district court error as to Mother's prospective interest in completing drug rehabilitation, which Mother asserted was a violation of her right to due process. [CN 11-13]

**{4}** In her memorandum in opposition, "Mother does not dispute th[is] Court's recitation of the facts in its [n]otice, and Mother does not challenge most of th[is] Court's findings." [MIO 9] Thus, as to the aforementioned proposed conclusions in this Court's calendar notice, Mother cites to no authority and presents no new facts or arguments as to these proposed conclusions that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this

requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** Now, for the first time in her memorandum in opposition, Mother contends that CYFD failed to make "reasonable efforts" so that the termination order must be reversed, by not enrolling her immediately in an inpatient treatment program to address chronic substance abuse, and then giving Mother adequate time to complete it. [MIO 5, 9] Mother asserts that it was "significant issues with substance abuse that prevented her from raising Children." [MIO 14] Mother argues that these "same issues prevented her from fully participating in the court ordered treatment plan." [MIO 14] "[In] a situation like Mother's, inpatient treatment was required to get Mother to a certain level of competency [sic] and day-to-day functioning." [MIO 14] "By not implementing and supporting an inpatient treatment program from the very beginning of this case, Mother could not overcome addiction." [MIO 15] "Mother asserts that her addiction [sic] to methamphetamines required specialized care, and that without a full-blown inpatient treatment program, she simply had no way to reach recovery." [MIO 15] Thus, "Mother asserts that this lack of care constitutes a denial of re[a]sonable efforts by [CYFD] warranting reversal of the termination order." [MIO 15]

**{6}** We construe these arguments as a motion to amend the docketing statement, which did not contend that CYFD failed to make reasonable efforts. *See* Rule 12-210(D)(2) NMRA (stating that "[t]he parties shall not argue issues that are not contained in . . . the docketing statement[, but that t] he [c]ourt may, for good cause shown, permit the appellant to amend the docketing statement" and that "[t]he appellant may combine a motion to amend the docketing statement . . . with a memorandum in opposition").

**{7}** In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establish good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *Moore*, 1989-NMCA-073, ¶ 42.

**{8}** Pursuant to NMSA 1978, Section 32A-4-28(B)(2) (2005), termination of parental rights is appropriate when

> [T]he child has been a neglected or abused child as defined in the Abuse and Neglect Act [NMSA 1978, §§ 32A-4-1 to -35 (1993, as amended through 2021)] and the court finds that the conditions and causes of the neglect and abuse are unlikely to change in the foreseeable future despite *reasonable efforts* by the department or other appropriate agency to assist

the parent in adjusting the conditions that render the parent unable to properly care for the child.

(Emphasis added.) "The statutory prerequisite of reasonable efforts to assist the parent must be satisfied before parental rights may be terminated." *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 21, 132 N.M. 299, 47 P.3d 859. Section 32A-4-28(B)(2) does not enumerate the specific methods of assistance that are sufficient to constitute reasonable efforts, beyond stating that the efforts should be directed to assist the parent in remedying the conditions and causes of neglect and abuse. That being the case, we have traditionally considered the totality of the circumstances when reviewing the district court's determination. *See Patricia H.*, 2002-NMCA-061, ¶ 31. "Efforts to assist a parent may include individual, group, and family counseling, substance abuse treatment, mental health services, transportation, child care, and other therapeutic services." *State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶ 41, 421 P.3d 814 (internal quotation marks and citation omitted). "What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting." *Patricia H.*, 2002-NMCA-061, ¶ 23.

**{9}** In the case at hand, Mother asks us to conclude that, because CYFD did not "immediately enroll[] Mother in an inpatient treatment program to address chronic substance abuse and then give[] her adequate time to complete it," that CYFD failed to provide reasonable efforts. [MIO 9] However, those assertions do not appear to be supported factually by the record proper before this Court, including Mother's own memorandum in opposition. We note that it appears that CYFD did consider inpatient treatment; as the memorandum in opposition relates:

> A caseworker report dated July 14, 2021, indicates that Mother was not fully engaging in an FTC (family drug court) program and so would be terminated. The report also states that Mother could be recommended for inpatient treatment, but that her mental health issues would need to be addressed first. [1 RP 123]

[MIO 7-8] Further, as we noted in our proposed summary disposition, which Mother does not contest in her memorandum in opposition, it appears that the district court considered Mother's decision not to attend inpatient treatment. The district court noted that Mother was unsuccessful in family treatment court. [CN 8, DS PDF 6] The family treatment court recommended that Mother do an inpatient program, but Mother refused to do so. [CN 8, DS PDF 6] The evidence seems to have reflected that Mother "chose not to attend an inpatient rehabilitation center and get a psychological assessment." [CN 9, DS PDF 7] Thus, it does not appear that the facts of this case support Mother's contention that CYFD did not make reasonable efforts as to inpatient treatment for Mother.

**{10}** Further, "CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent." *Patricia H.*, 2002-NMCA-061, ¶ 27. On appeal, "our job is not to determine whether CYFD did everything possible; our task is

limited by our statutory scope of review to whether CYFD complied with the minimum required under law." *Id.* ¶ 28. In this case, Mother failed in multiple aspects of her treatment plan, as detailed in our proposed summary disposition. The district court held that Mother had not fully engaged in her treatment plan as ordered by the district court, nor had she completed her treatment plan. [RP 158] We cannot conclude that any failure by CYFD to immediately offer Mother inpatient treatment, to the extent that even may be reflected by the facts and record proper in this case, presents reversible error.

**{11}** Based on the above, we therefore consider Mother's argument as to CYFD's reasonable efforts nonviable, and we deny the motion to amend. *See Moore*, 1989-NMCA-073, ¶¶ 42-43.

**{12}** For the reasons stated above and in this Court's notice of proposed disposition, the district court's order terminating Mother's parental rights is affirmed.

**{13}   IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**